168 S.E.2d 746 (1969)
Mildred YATES et al.
v.
Louise MANCARI et al.
No. 12753.
Supreme Court of Appeals of West Virginia.
Submitted January 21, 1969.
Decided June 10, 1969.
Dissenting Opinion July 14, 1969.
Rehearing Denied July 15, 1969.
*749 McDougle, Davis & Morris, Fred L. Davis, J. M. Handlan, Parkersburg, for appellants.
Preiser, Greene & Hunt, W. Dale Greene, L. Alvin Hunt, Charleston, for appellees. *747
*748 HAYMOND, President:
The plaintiffs, Mildred Yates and Carl Yates, instituted this action in the Circuit Court of Jackson County to recover damages from the defendants, Louise Mancari and her husband Henry Mancari, for personal injury suffered by Mildred Yates, hereinafter sometimes referred to as the plaintiff, when she was struck by an automobile operated by Louise Mancari, hereinafter sometimes referred to as the defendant. The jury returned verdicts against the Mancaris in favor of Mildred Yates in the sum of $5,000.00 and in favor of Carl Yates in the sum of $2,500.00 and on application of the defendants this Court granted this appeal and supersedeas on July 8, 1968.
The accident occurred on November 13, 1963, on Gibbs Street in Ravenswood, West Virginia, at approximately 5:00 p.m. Gibbs Street as shown by the evidence is 21.4 feet wide. A tractor trailer, the width of which is not shown in the record, was parked along the north curb of Gibbs Street in close proximity to a building used as a laundromat. According to Mildred Yates the weather was misty and the streets were damp from the mist. She testified that she had been to the laundromat where she was employed to take care of some business and was returning to her home which required her to cross Gibbs Street in a southerly direction. She states: "I came to the door; I looked up and down Gibbs Street; I could see, you know, out the door pretty good ways down toward Route 2; then I came down on the pavement; I looked again, but there was some view shut off by the trailer; I looked up and down the street; I looked up Gibbs Street, up and down; I turned around, took two steps, turned around; as I took two steps, looked down Gibbs Street and Mrs. Mancari's car was right upon me." She further testified that she was approximately twenty-five feet to the rear of the tractor trailer at the time she last looked up and down Gibbs Street and was struck on her right leg by the left bumper of the Mancari car. A motion for a directed verdict in favor of the defendants at the conclusion of plaintiffs' evidence was overruled.
For the defendants Louise Mancari testified that she was proceeding in an easterly direction on Gibbs Street at a speed of about fifteen miles an hour; that the weather was "half rain, half snow"; that her headlights were burning and that the streets were damp. She further states that she was looking straight ahead but did not see Mildred Yates until she stepped from behind the tractor trailer and that Mildred Yates was about two feet to the rear of the trailer when she stepped out and had stepped "two or three feet" from the rear of the truck when the automobile struck her. The defendants again moved for a directed verdict in their behalf at the conclusion of all the evidence which motion was overruled and as heretofore stated the jury returned verdicts in favor of the plaintiffs.
Errors assigned in this Court are the sufficiency of the evidence, the overruling of the motions for directed verdicts, and the giving and the refusal of certain instructions.
The initial assignment of error to be considered in this case is whether, under the evidence, the defendant was guilty of negligence which was the proximate cause of the injury to the plaintiff or the plaintiff was guilty of negligence which contributed proximately to such injury. If this opinion is to serve its purpose a more detailed description of the scene of the collision *750 is necessary. Gibbs Street in the town of Ravenswood runs from east to west intersecting on the west with Route 2 which runs north and south along the Ohio River at that point. 312 feet from Route 2 Virginia Street intersects Gibbs Street, it being a north-south street that ends at its intersection with Gibbs. The area of the scene of the accident is shown by a plat, which was prepared by a registered civil engineer, and is made a part of the record by stipulation of the parties. To the north of the intersection of Gibbs and Virginia Streets and 14½ feet from the north curb of the intersection is the laundromat building. The plaintiff testified that she left that building from the east door, there being two doors facing Gibbs Street, and at that point she would be almost opposite the east side of Virginia Street where it intersects with Gibbs Street. Although it is agreed by all witnesses who testified that a truck was parked on the north side of Gibbs Street near the intersection, the rear part being near the intersection with Virginia Street, no witness testified as to the truck's dimensions. The attorneys apparently assumed from questions that were asked that it was eight feet wide, that being the maximum permitted by law in this State. There is some contradiction in the testimony of the plaintiff as to where she was struck with reference to the rear of that truck. In discovery testimony she apparently indicated that she was one to two feet to the rear of it while at the trial she unequivocally stated that she was twenty-five feet to the east of that vehicle. A careful study of the plat shows that if the plaintiff came out of the east door of the front of the laundromat building and was going to her home, there being no contradiction as to that, she would have gone out of her way to the west if she went to within four feet of the rear of the truck to cross Gibbs Street. If she were attempting to cross Gibbs Street twenty-five feet to the rear of the truck she would be upon a direct route to her home.
Actually there is not much conflict in the testimony of the plaintiff and the defendant as to the plaintiff's position in Gibbs Street when she was struck except as to the distance from the rear of the truck where the plaintiff was struck This question was asked the plaintiff and she made the following answer: "Q. If you were to imagine an imaginary center line on Gibbs Street, Mrs. Yates, at the moment you were struck, on which side of that center line would you have been? A. I was next to the laundromat." These questions were asked the defendant on direct examination to which she made the following answers: "Q. What did you do when she came from behind this trailer and out about two feet into the path of your car? A. I applied my brake instantly. Q. How far did your car travel to the point where it came to rest? A. Approximately three to five feet. Q. Was your car still in the intersection when it came to rest, stopped after the accident? A. Yes, sir." (Italics supplied). If the plaintiff made a case of primary negligence which was the proximate cause of the plaintiff's injury and the defendant relied upon contributory negligence as a defense, the burden was upon her to prove such contributory negligence by a preponderance of evidence. But even if the width of the truck was not proved and if it be assumed that it was of the maximum width provided by law in this State the testimony of both the female plaintiff and the female defendant placed the point of contact on the side of the highway near the truck and which was used by the plaintiff after leaving the laundromat building and across an imaginary center line of the lane of traffic in which the law requires a motorist to proceed particularly when in or approaching an intersection. Code 17C, Article 7, Section 1, as amended, and 17C, Article 7, Section 6(2), as amended.
Upon cross-examination the plaintiff was asked this question and made this answer: "Q. Then this accident occurred, according to your recollection, about a foot or foot and a half south of the south side of the trailer, is that right? A. Yes." Upon cross-examination the plaintiff was *751 also asked this question and made this answer: "Q. As a matter of fact, she stopped right in the middle of the street, did she not?" A. No. she was over on the side towards the laundromat." Again, even assuming that the truck or trailer was eight feet in width, the undisputed evidence in this case shows that the plaintiff was struck in the right part of her body by the left front fender of the defendant's car while plaintiff was in the north traffic lane of Gibbs Street. Furthermore the plaintiff was asked if she saw Louise Mancari just before she was struck, she stated that she did and that Louise Mancari was "looking out" Virginia Street which is the street where Mildred Yates lived and which she was preparing to enter from Gibbs Street when she was struck by the automobile driven by Louise Mancari. Louise Mancari denied that statement by Mildred Yates, equivocally at first, but upon being asked another question stated "I was looking straight ahead."
It is the view of this Court that there was testimony before the jury from which it could have found verdicts for the plaintiffs as it did and that it was not reversible error for the trial court to submit the case to the jury. This case is clearly distinguishable upon its facts from that line of decisions of this Court wherein it has been held that a pedestrian was guilty of contributory negligence as a matter of law where he had suddenly stepped from the curb into the defendant driver's lane of traffic even though the court considered the defendant driver guilty of negligence. Many of those cases are cited in Bower v. Brannon, 141 W.Va. 435, 90 S.E.2d 342.
In the very recent case of Sydenstricker v. Vannoy, 151 W.Va. 177, 150 S.E.2d 905, this Court reasserted and reaffirmed its holding in many cases, several of which are cited in the opinion in the Sydenstricker case to the effect that a pedestrian lawfully in a public highway may rely upon the exercise of reasonable care by drivers of motor vehicles traveling upon such highway to avoid injuring such pedestrian. Failure to anticipate omission of such care does not render the pedestrian negligent. This case is clearly distinguishable, upon the facts, from Slater v. Shirkey, 122 W.Va. 271, 8 S.E.2d 897, in which this Court set aside the judgment of the trial court upon a jury verdict for the plaintiff upon the ground that the evidence showed as a matter of law that plaintiff's decedent was guilty of contributory negligence. On that point, discussing facts and conclusions that the plaintiff was guilty of contributory negligence as a matter of law, the opinion in the Slater case contains these statements:
"As will be noted, the vital question is whether the decedent passed the rear end of the truck, and stepped into the path of approaching traffic at a time when any effort on the part of himself or the approaching automobile to avoid an accident was futile. We think there can be no doubt that this question must be answered in the affirmative. While there may be slight variations in the statements of the eye-witnesses as to what occurred, they unite in saying that the decedent walked from behind the parked truck into the highway, and after he had reached a point about the middle thereof looked in the direction of the approaching Shirkey car, and then leaped in its path and was struck. The testimony on this point seems to us to be clear and convincing, and we cannot follow the contention of counsel for the plaintiff that it creates confusion as to what actually occurred. We are impressed with the fact that it is simply a case where the deceased came from behind the truck into the path of a moving automobile without taking the precaution to look for approaching cars, and thereby lost his life. We do not believe the testimony raises any doubt as to what occurred, and there being no such doubt the question of whether or not the decedent was guilty of contributory negligence is one of law for the court.
"* * *.
"The case before us is not complicated by elements which might lead the court to *752 deny the existence of contributory negligence, or to hold that the question of its existence was for the jury. We find nothing in the case at bar except a plain act of negligence on the part of the decedent in stepping from behind a parked truck in the path of approaching traffic."
Under the evidence in this case, unlike that in the Slater case, the questions of negligence and contributory negligence were questions for the jury. This Court has consistently held that when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them, the questions of negligence and contributory negligence are for jury determination. Sydenstricker v. Vannoy, 151 W.Va. 177, 150 S.E.2d 905, and the many cases cited in the opinion in that case.
The trial court committed reversible error when over objection it gave to the jury, at the instance of the plaintiff, instructions Nos. 5 and 7. The jury could have understood by the phrase "the evidence" contained in those instructions to mean the evidence in behalf of the defendant rather than all of the evidence. The instructions were not clear in that regard as this Court has held that such an instruction must be. In Jackson v. Cockill, 149 W.Va. 78, 138 S.E.2d 710, this Court said: "It is true that the burden of proving contributory negligence rests on the defendant, but the jury may look to all of the evidence offered by both parties in determining whether or not the plaintiff's decedent is guilty of contributory negligence. Barrickman v. Marion Oil Co., 45 W.Va. 634, 646, 32 S.E. 327, 44 L.R.A. 92; Melton v. Chesapeake and Ohio Railway Co., 71 W.Va. 701, 78 S.E. 369. In other words, the burden to show contributory negligence in such cases rests upon the defendant unless it is disclosed by the plaintiff's evidence or may be fairly inferred by all of the evidence and circumstances surrounding the case. 13 M.J. Negligence, § 56; Mullens v. Virginian Railway Company, 94 W.Va. 601, 119 S.E. 852; Leftwich v. Wesco Corporation, 146 W.Va. 196, 119 S.E.2d 401;". In point 6, syllabus, Leftwich v. Wesco Corporation, 146 W.Va. 196, 119 S.E.2d 401, is this language: "Contributory negligence on the part of the plaintiff is an affirmative defense. There is a presumption of ordinary care in favor of the plaintiff, and where the defendant relies upon contributory negligence, the burden of proof rests upon the defendant to show such negligence unless it is disclosed by the plaintiff's evidence or may be fairly inferred by all the evidence and circumstances surrounding the case."
The action of the circuit court in giving, over the objection of the defendant, Instructions Nos. 1, 3, 6 and 12, offered by the plaintiff, constituted reversible error in that each of those instructions, which may be characterized as permissive, misstates the law, tends to confuse and mislead the jury, and fails to negative the defense of contributory negligence which is relied on by the defendant.
In telling the jury, as each of those instructions does, in substance, that if the jury believes from a preponderance of the evidence that certain specified acts or conduct of the defendant constituted negligence and that such negligence was the sole proximate cause of the injury to the plaintiff, the jury may find for the plaintiff, each instruction contains an utterly incorrect statement of law. The word "sole" as a modifier of proximate cause adds little or nothing to proximate cause without such modifier. See El Paso Electric Company v. Sawyer, Texas Court of Civil Appeals, 291 S.W. 667. The designation proximate cause or sole proximate cause, in law, means the same thing. Whether the cause of the injury is characterized as the sole proximate cause, or the proximate cause, the proximate cause of an injury is the efficient, principal, superior or controlling agency from which springs the harm as contradistinguished from those causes which are merely incidental or subsidiary to such efficient, principal, *753 superior or controlling cause and the proximate cause may consist of one or more than one negligent act of causation by one or more persons which produces the injury. Though difficult of definition, the proximate cause of an injury, without the use of the word "sole", has been defined by this Court as "the last negligent act contributing to the injury and without which the injury would not have occurred" and the proximate cause of an event as "that cause which in actual sequence, unbroken by any independent cause, produces an event and without which the event would not have occurred." See Dunning v. Barlow and Wisler, Inc., 148 W.Va. 206, 133 S.E.2d 784; Hartley v. Crede, 140 W.Va. 133, 82 S.E.2d 672; Matthews v. Cumberland and Allegheny Gas Company, 138 W.Va. 639, 77 S.E.2d 180; Webb v. Sessler, 135 W.Va. 341, 63 S.E.2d 65; Twyman v. Monongahela West Penn Public Service Company, 118 W.Va. 330, 191 S.E. 541; Estep v. Price, 93 W.Va. 81, 115 S.E. 861; Anderson v. Baltimore and Ohio Railroad Company, 74 W.Va. 17, 81 S.E. 579, 51 L.R.A.,N.S., 888; Schwartz v. Shull, 45 W.Va. 405, 31 S.E. 914. In Devita v. Atlantic Trucking Company, 129 W.Va. 267, 40 S.E.2d 324, the opinion contains these statements: "The term proximate cause has been defined as that cause `* * * without which the accident would not have occurred.' Anderson v. Railroad Co., 74 W.Va. 17, 19, 81 S.E. 579, 51 L.R.A.,N.S., 888; Scott v. Engineering Co., 117 W.Va. 395, 398, 185 S.E. 553; Miller v. Douglas, 121 W.Va. 638, 5 S.E.2d 799." In Lilly v. Taylor, 151 W.Va. 730, 155 S.E.2d 579, quoting from Stuck v. Kanawha and Michigan Railway Company, 76 W.Va. 453, 86 S.E. 13, this Court said: "The proximate cause of an injury is the superior or controlling agency from which springs the harm, as contradistinguished from those causes which are merely incidental or subsidiary to such principal and controlling cause."
"Separate and distinct acts of negligence of two or more persons constitute the proximate cause of an injury when they continue in unbroken sequence until the injury occurs and directly and immediately contribute to and are the efficient cause of the injury." Point 3, syllabus, Wilson v. Edwards, 138 W.Va. 613, 77 S.E.2d 164.
In all the foregoing definitions of proximate cause, which may be considered as typical, the definition applies to the proximate cause and in none of them is there any suggestion or intimation that the definition deals with or relates to proximate causes. Proximate cause, regardless of how defined, is always spoken of as the proximate cause, not the proximate causes. It necessarily follows that the proximate cause is the sole proximate cause and that contributory negligence contributes to and becomes a part of such proximate cause but is not the proximate cause. If the negligence of the plaintiff is the proximate cause of the injury, instead of a cause proximately contributing to such injury, the plaintiff is not guilty of contributory negligence but instead is guilty of primary negligence, for there can be no contributory negligence of a plaintiff unless the defendant is guilty of negligence which is the proximate cause of the injury.
The difference between proximate cause and contributory negligence is pointed out clearly in the opinion of this Court in Shaw v. Perfetti, 147 W.Va. 87, 125 S.E.2d 778, in this language: "The contributory negligence must contribute proximately and not indirectly before it becomes a bar to recovery on the part of a plaintiff. However, it is not necessary in an instruction relating to contributory negligence to state that but for it there would have been no accident, or in other words, that the contributory negligence was the proximate cause. After a jury has been instructed that the plaintiff can recover if they find the defendant guilty of negligence which is the proximate cause of the injury, it is only necessary for the defendant to show that the negligence of the plaintiff contributed to the injury, and for the court to instruct the jury that such contributory negligence would bar plaintiff's recovery.
*754 "This question is discussed in 13 M. J., Negligence, § 29, wherein it is stated: `It is not necessary to the defense of contributory negligence to show that but for it the accident would not have occurred. It is enough to show that the negligence of the plaintiff contributed to the injury. The question to be determined is not whether the plaintiff's negligence caused, but whether it contributed to the injury of which he complains.'"
To instruct a jury that a plaintiff, who is not shown to be not guilty of contributory negligence, may recover from a defendant whose negligence is the proximate cause of the injury of which the plaintiff complains is a palpable misstatement of law. The word "sole" before proximate cause does not negative or exclude contributory negligence upon the part of the plaintiff. Merely to refer to the negligence of the defendant as the sole proximate cause of the injury to the plaintiff not only does not negative contributory negligence upon the part of the plaintiff but tends to cause the jury to ignore or to fail to consider whether the plaintiff is or is not guilty of contributory negligence. By failing to negative contributory negligence each of the foregoing challenged instructions, in effect, tells the jury, by implication, that a plaintiff whose negligence proximately contributed to his injury may nevertheless recover from a defendant who is guilty of negligence which is the proximate cause of the injury to the plaintiff or, at least, permits the jury to render such a verdict. Such is clearly not the law in this jurisdiction. On the contrary the law of negligence in this State, as declared in many decisions of this Court, is that in order to recover in an action for personal injury the plaintiff must prove that the defendant was guilty of negligence which was the proximate cause of the injury of which the plaintiff complains and it must also appear from the evidence that the plaintiff was not guilty of contributory negligence, when contributory negligence is relied upon as a defense as it is in this case. Otherwise stated, when the plaintiff proves by a preponderance of the evidence that the defendant was guilty of negligence which was the proximate cause of the injury to the plaintiff, the plaintiff is entitled to recover unless it appears from the evidence that the plaintiff was guilty of negligence which proximately contributed to his injury. But, as stated by this Court in many cases, one of which is Graham v. Wriston, 146 W.Va. 484, 120 S.E.2d 713. "If a plaintiff's negligence contributes proximately to cause the injury of which he complains, such negligence precludes recovery, placing an imperative duty on the jury to find for the defendant."
It is a fundamental principle of the law of negligence that if a plaintiff is guilty of contributory negligence he can not recover from a defendant whose negligence is the proximate cause of his injury. See Lewis v. McIntire, 150 W.Va. 117, 144 S.E.2d 319; Jackson v. Cockill, 149 W.Va. 78, 138 S.E.2d 710; Graham v. Crist, 146 W.Va. 156, 118 S.E.2d 640; Brake v. Cerra, 145 W.Va. 76, 112 S.E.2d 466; Workman v. Wynne, 142 W.Va. 135, 94 S.E.2d 665; Prichard v. City Lines of West Virginia, Inc., 136 W.Va. 278, 66 S.E.2d 276; Ray v. Clawson, 123 W.Va. 99, 14 S.E.2d 259; Slater v. Shirkey, 122 W.Va. 271, 8 S.E.2d 897; Yoder v. Charleston Transit Company, 119 W.Va. 61, 192 S.E. 349; Milby v. Diggs, 118 W.Va. 56, 189 S.E. 107; McLeod v. The Charleston Laundry, 106 W.Va. 361, 145 S.E. 756.
The principle is well settled by decisions of this Court that "When contributory negligence is relied on, an instruction directing a verdict in favor of plaintiff which omits any reference to the facts tending to establish contributory negligence, and entirely ignores such defense, is erroneous and such error is not cured by other instructions submitting such defense to the jury." Point 3, syllabus, Blackwood v. Monongahela Valley Traction Company, 96 W.Va. 1, 122 S.E. 359. See also Adkins v. Minton, 151 W.Va. 229, 151 S.E.2d *755 295; Skaff v. Dodd, 130 W.Va. 540, 44 S.E.2d 621; Bragg v. C. I. Whitten Transfer Company, 125 W.Va. 722, 26 S.E.2d 217; Nichols v. Raleigh Wyoming Mining Company, 113 W.Va. 631, 169 S.E. 451; Culp v. The Virginian Railway Company, 77 W.Va. 125, 87 S.E. 187; Diddle v. Continental Casualty Company, 65 W.Va. 170, 63 S.E. 962, 22 L.R.A.,N.S., 779; McVey v. St. Clair Company, 49 W.Va. 412, 38 S.E. 648; Claiborne v. Chesapeake and Ohio Railway Company, 46 W.Va. 363, 33 S.E. 262; McCreery's Admx. v. Ohio River Railroad Company, 43 W.Va. 110, 27 S.E. 327.
When it appears from a preponderance of the evidence that the defendant is guilty of negligence which is the proximate cause of the injury to the plaintiff and it also appears from the evidence that the plaintiff is not guilty of contributory negligence the plaintiff is entitled to a verdict against the defendant, and conversely, when it appears from a preponderance of the evidence that the defendant is guilty of negligence which is the proximate cause of the injury to the plaintiff and it also appears from the evidence that the plaintiff is guilty of contributory negligence, the plaintiff can not recover. When it is shown by a preponderance of the evidence that the defendant is guilty of negligence which is the proximate cause of the injury to the plaintiff and it appears from the evidence that the plaintiff is not guilty of contributory negligence, an instruction which tells the jury that it must or should find in favor of the plaintiff, is a proper instruction and in the same state of the evidence an instruction, which may be characterized as premissive and which tells the jury it may find in favor of the plaintiff is an improper instruction in that it misstates the law and tends to confuse and mislead the jury and to permit it to return an improper verdict in favor of the defendant who is guilty of negligence which is the proximate cause of the injury to the plaintiff. In that state of the evidence it is clearly the duty of the jury to return a verdict for the plaintiff and it may not return a verdict for the defendant as such permissive instruction implies that it could do. An instruction, such as those now under consideration, which fails to negative contributory negligence of the plaintiff but tells the jury that if it finds from a preponderance of the evidence that the defendant is guilty of negligence which is the sole proximate cause of the injury to the plaintiff the jury may return a verdict for the plaintiff permits the jury to return an improper verdict in favor of a plaintiff who is guilty of contributory negligence, which the law does not permit the jury to do. Such a verdict would be an erroneous verdict which should be set aside and the giving of such instruction constitutes reversible error.
"An erroneous instruction is presumed to be prejudicial and warrants a new trial unless it appears that the complaining party was not prejudiced by such instruction." Point 2, syllabus, Hollen v. Linger, 151 W.Va. 255, 151 S.E.2d 330; Preston County Coke Company v. Preston County Light and Power Company, 146 W.Va. 231, 119 S.E.2d 420; Overton v. Fields, 145 W.Va. 797, 117 S.E.2d 598; Cato v. Silling, 137 W.Va. 694, 73 S.E.2d 731, certiorari denied, 348 U.S. 981, 75 S.Ct. 572, 99 L.Ed. 764, rehearing denied, 349 U.S. 924, 75 S.Ct. 659, 99 L.Ed. 1256; Buffington v. Lyons, 71 W.Va. 114, 76 S.E. 129; Kuykendall v. Fisher, 61 W.Va. 67, 56 S.E. 48, 8 L.R.A., N.S., 94, 11 Ann.Cas. 700; Ward v. Brown, 53 W.Va. 227, 44 S.E. 488. "It is reversible error to give an instruction which tends to mislead and confuse the jury." Point 5, syllabus, Sydenstricker v. Vannoy, 151 W.Va. 177, 150 S.E.2d 905; Preston County Coke Company v. Preston County Light and Power Company, 146 W.Va. 231, 119 S.E.2d 420; Overton v. Fields, 145 W.Va. 797, 117 S.E.2d 598; Hartley v. Crede, 140 W.Va. 133, 82 S.E.2d 672; Matthews v. Cumberland and Allegheny Gas Company, 138 W.Va. 639, 77 S.E.2d 180; Morrison v. Roush, 110 W.Va. 398, 158 S.E. 514; Chaney v. Moore, 101 *756 W.Va. 521, 134 S.E. 204, 47 A.L.R. 800; Frank v. Monongahela Valley Traction Company, 75 W.Va. 364, 83 S.E. 1009.
"Ordinarily, when contributory negligence of the plaintiff is relied on as a defense, it is prejudicial error to give for the plaintiff an instruction which directs the jury to find for the plaintiff if certain recited facts are believed by the jury from the evidence, but which instruction does not specifically negative contributory negligence on the part of the plaintiff. The error involved in the giving of such erroneous instruction is not corrected by the giving to the jury of other instructions covering contributory negligence." Point 7, syllabus, Adkins v. Minton, 151 W.Va. 229, 151 S.E.2d 295.
In Altvater v. Battocletti, 300 F.2d 156, 4th circuit, an action to recover damages for injury to the plaintiff caused by the alleged negligence of the defendant and another person, the United States District Court in its charge instructed the jury, over the objection of the plaintiff, that "if you should find that both the driver of the car and the defendant were guilty of negligence, that the accident would not have happened but for the negligence of the defendant, that the negligence of both concurred to the time of the accident and jointly contributed to it, as proximate causes thereof, then you may find for the plaintiff." In holding that the foregoing instruction in the charge of the district court constituted reversible error in converting what should have been a mandatory instruction into a permissive instruction, the Circuit Court of Appeals of the Fourth Circuit used this language:
"The objection clearly states that the error is in attempting to give a mandatory instruction but failing to use mandatory language. The effect of this was to confuse the jury. The Court attempted to state the only way that the jury could find for the plaintiff. He clearly intended to say that if four things were found by the jury then the verdict would have to be for the plaintiff. However, the omission of the mandatory language and the use of `may' in its place left the jury free to bring in a verdict for the defendant even if it found the four things specified by the judge. We think that this loose use of language could well have misled and confused the jury. There was ample evidence to enable the jury to reasonably find the four elements the Court specified in the instruction. The jury may well have so found, but believed that it could, nevertheless, give verdict for the defendant. Manifestly, if the four elements were found by the jury, then it had to give verdict for the plaintiff. Therefore, we think that the failure to use the mandatory language may well have misled the jury to plaintiff's prejudice. Because the instruction was misleading and confusing, it was erroneous. The objection gave the judge notice of the source of the error. If the judge had changed `may' to `must' the possibility of confusing and misleading the jury would have been removed and the error would have vanished. The main purpose for requiring an objection under Rule 51 is to enable the trial court to correct the error. We think such opportunity was afforded here.
"The judgment is, therefore, reversed for a new trial in conformity with this opinion."
In giving the erroneous instructions, Nos. 1, 3, 6 and 12, the circuit court presumably relied upon prior decisions of this Court in Walker v. Robertson, 141 W.Va. 563, 91 S.E.2d 468; Lawrence v. Nelson, 145 W.Va. 134, 113 S.E.2d 241; and Davis v. Fire Creek Fuel Company, 144 W.Va. 537, 109 S.E.2d 144. In those cases this Court gave its approval to certain permissive instructions. In the Walker case, by a vote of three to two, this Court said that the action of the trial court was correct in refusing to give an instruction which told the jury that "contributory negligence is the doing of a negligent act by a plaintiff which proximately contributes to causing the damages of which she complains. Therefore, you are instructed that if you find from the evidence that the plaintiff was guilty of *757 committing any act of negligence, however slight, which proximately contributed to causing the injury of which she complains, then you are not permitted to weigh the degree or amount of negligence of each of the parties, but you must return a verdict for the defendant.", and in giving the above quoted instruction when amended by substituting the word "may" for the stricken word "must". The error of this Court in affirming the giving of the instruction as amended which, by the amendment, became a permissive instruction, is clearly expressed in the dissenting opinion of Judge Given, in which Judge Riley joined, in the Walker case, in this language: "the amendment changed the nature of the instruction from one requiring a finding for defendant, where contributory negligence is established to the satisfaction of the jury, to a `permissive' instruction, permitting the jury to find either for or against the defendant, notwithstanding the establishment of contributory negligence which contributed proximately to plaintiff's injury."; and "All agree that the evidence introduced, at least, presented a question for the jury as to whether plaintiff was contributorily negligent, yet the jury were told that though they found she was guilty of contributory negligence and that such negligence contributed proximately to her injury, she `may' recover." This Court also held in point 4 of the syllabus in the Walker case that "When contributory negligence is relied on as a defense, a binding instruction which imperatively directs the jury to find for the defendant should not be given if the instruction does not specifically state the acts or conduct of plaintiff constituting contributory negligence. It is not error for a trial court to amend such defective, binding instruction so as to make it permissive instead of imperative." This clearly erroneous holding was expressly disapproved in point 10 of the syllabus and is condemned by point 9 of the syllabus in Graham v. Wriston, 146 W.Va. 484, 120 S.E.2d 713, in this language: "If a binding instruction for the plaintiff clearly negatives contributory negligence, it need not specifically state the conduct or acts of the plaintiff which are alleged to constitute such contributory negligence." The erroneous holdings of this Court with respect to the giving of a permissive instruction in Lawrence v. Nelson, 145 W.Va. 134, 113 S.E.2d 241, and Davis v. Fire Creek Fuel Company, 144 W.Va. 537, 109 S.E.2d 144, were based on the decision in the Walker case. Those holdings and similar holdings in any other decision of this Court to the extent that they approve the giving of permissive instructions relating to the verdict which may be returned and which would permit the jury to render an improper verdict or which would permit a defendant guilty of negligence which is the proximate cause of the injury to a plaintiff, who is not guilty of contributory negligence, to escape liability, are expressly disapproved.
This Court now holds that in an action based on negligence for damages for injury suffered by the plaintiff, in which the defendant relies upon the defense of contributory negligence, a permissive instruction which, in substance, tells the jury that if the jury believes from a preponderance of the evidence that the defendant was guilty of negligence which was the sole proximate cause of the injury to the plaintiff, the jury may find for the plaintiff, is erroneous in that it fails to negative the defense of contributory negligence upon the part of the plaintiff and tends to mislead and confuse the jury in that it would permit the jury to return a verdict for either the plaintiff or the defendant. Under such instruction the jury could return an improper verdict for the plaintiff who was guilty of contributory negligence or for the defendant who was guilty of primary negligence even though the plaintiff was not guilty of contributory negligence. Instead of any such permissive instruction, an instruction which correctly states the law and which would require a proper verdict for the plaintiff should tell the jury that if the jury believes from a preponderance of the evidence that the defendant is guilty of negligence which is the *758 proximate cause of the injury to the plaintiff and also believes from the evidence that the plaintiff is not guilty of contributory negligence, the jury should or must return a verdict for the plaintiff and, in the circumstances stated in such instruction, the only proper verdict that the jury, under the evidence and the law as stated in the instruction, could return would necessarily be a verdict for the plaintiff.
Notwithstanding the foregoing pronouncements nothing in this opinion is intended or should be considered to be applicable to or in disapproval of any permissive or incomplete instruction that does not relate to the kind of verdict or the manner in which it is reached by the jury. All such matters will, of course, be dealt with as and when they come before this Court for consideration and decision.
The judgment in favor of the plaintiff Mildred Yates for $5000.00 and the judgment in favor of the plaintiff Carl Yates for $2500.00 against both defendants are reversed, the verdicts of the jury are set aside, and this case is remanded to the Circuit Court of Jackson County for a new trial, which is here awarded the defendants.
Judgments reversed, verdicts set aside, and case remanded for a new trial.
BERRY, Judge (concurring):
I concur with the majority opinion of the Court in the disposition of this case but I am of the opinion that the evidence in the case clearly indicates the plaintiff was guilty of contributory negligence as a matter of law.
The plaintiff's evidence is to the effect that she walked out into the street from behind a parked trailer truck; and whether she was a few feet behind it or twenty-five feet behind it, both of which are indicated by her testimony, it makes no difference because after she stated she had looked up and down the street she stated that she looked in the opposite direction from which the defendant's automobile was being driven and then began to take two steps and was either struck or stepped into the defendant's automobile about the middle of the street.
Under this set of facts the decision in the case of Jackson v. Cockill, 149 W.Va. 78, 138 S.E.2d 710, would govern because the principle involved in both cases is the same. In the Jackson case the plaintiff walked or ran out into the street without looking in the direction the defendant's car was being driven and was struck thereby, and it was held that the plaintiff was guilty of contributory negligence as a matter of law. This proposition is clearly stated in the first point of the syllabus of that case wherein it is stated: "It is the duty of a pedestrian crossing a highway or street to use his eyes effectively to protect himself against impending danger from vehicles, and if he does not do so when he has the opportunity so to do he will be guilty of contributory negligence as a matter of law." If the plaintiff in the instant case had looked effectively to her right or the direction in which the defendant's car was approaching she would have never stepped into the front or side of the defendant's automobile. In other words, if she had used the proper care in keeping a lookout she would have seen the defendant's automobile and the accident would never have occurred, and in not so doing she is barred from recovery. Smith v. Penn Line Service, Inc. et al., 145 W.Va. 1, 113 S.E.2d 505; Brake v. Cerra, 145 W.Va. 76, 112 S.E.2d 466; Jackson v. Cockill, supra.
It has been repeatedly held and is succinctly stated on page 84 of the Jackson v. Cockill case, supra, that: "A pedestrian cannot move into the path of an approaching automobile and be struck thereby and absolve himself of contributory negligence."
For the reasons stated in this concurring opinion, I would reverse the judgment of the Circuit Court of Jackson County on the ground as stated above that the plaintiff *759 was guilty of contributory negligence as a matter of law and the only instruction that should have been given would have been a peremptory instruction to find for the defendant. Therefore, I would not reach the question with regard to the instructions raised in this case but I have no objections to the clarifying of the confusion that has resulted in the cases decided by this Court dealing with permissive and binding instructions. The cases of Davis v. Fire Creek Fuel Co., 144 W.Va. 537, 109 S.E.2d 144, and Lawrence v. Nelson, 145 W.Va. 134, 113 S.E.2d 241, written by me dealing with this question, merely followed the case of Walker v. Robertson, 141 W.Va. 563, 91 S.E.2d 468, which was decided before I came on the Court.
BROWNING, Judge (dissenting):
I agree with the holding of this Court that the evidence in this case at least presented an issue for jury determination but firmly disagree with the Court's holding that the trial court committed reversible error in giving to the jury plaintiffs' Instructions 1, 3, 5, 6, 7 and 12. The female plaintiff will sometimes be referred to herein as plaintiff and the female defendant as defendant.
Although it will not be possible to discuss separately what I consider the several errors committed by the majority, they are substantially as follows: (1) the phrase "the evidence" in Instructions 5 and 7 meant all of the evidence and not the evidence of the defendant alone; (2) that the English word "sole" is without meaning and that the phrase "proximate cause" means exactly the same as the phrase "sole proximate cause;" (3) the majority has obviously overlooked the fact that the plaintiff not the defendant won this case in the trial court and that the plaintiff has made no cross assignment of error; (4) it is not necessary for a plaintiff to specifically negative contributory negligence in every instruction offered in a tort action; (5) there is a distinction between a permissive, a binding, a hypothetical, a complete and an incomplete instruction and I feel that the majority has added to the confusion heretofore existing with regard to the differences; (6) there is a relation between the facts and the applicable law in the trial of a tort action and the cases cited in the majority opinion are all distinguishable upon their facts from this case; (7) the principle of harmless error is deeply embedded in the law of this jurisdiction and has been ignored by the majority and (8) there was no objection to the giving of plaintiffs' Instructions 1, 3, 6 and 12 on the ground that they were permissive instructions and Rule 51, R.C.P., provides that no party may assign error to the giving of an instruction unless he objects thereto stating "distinctly" the grounds of his objection. No further reference need be, or will be, made to this obvious error of the majority.
I have no criticism of the decisions of this Court cited in the majority opinion to the effect that the burden of proving contributory negligence rests on the defendant and that the jury may look to all of the evidence to determine whether or not a plaintiff is guilty of such contributory negligence as would defeat his recovery. It is my opinion, however, that the use of the phrase "the evidence" in both Instructions 5 and 7 did not mislead the jury but, on the contrary, conveyed to them the direction that they could consider all of the evidence in determining whether or not plaintiff in this case was guilty of contributory negligence. The definite article "the" preceding the word "evidence" in my opinion is clear and did not confuse the jury as to their prerogative in that regard but upon the assumption that the giving of Instructions 5 and 7 constituted error because not being as specific as the majority has found that they should be upon the evidence in this case the error was utterly harmless. As stated in the majority opinion there was little or no conflict between the testimony of the female plaintiff and the female defendant as to how the injury occurred and both placed the plaintiff on her side of the street at the time she was struck. Therefore, the defendant could not have been *760 prejudiced by the giving of these instructions even if the jury had interpreted the phrase "the evidence" to mean the evidence of the defendant for certainly the evidence of the plaintiff was of no solace to the defendant in this regard. Authority as to the principle of harmless error will be cited near the end of this opinion.
In the majority opinion it is stated that to inform the jury "certain specified acts or conduct of the defendant constituted negligence and that such negligence was the sole proximate cause of the injury to the plaintiff, * * * contains an utterly incorrect statement of law. The word `sole' as a modifier of proximate cause adds little or nothing to proximate cause without such modifier * * * The designation proximate cause or sole proximate cause, in law, means the same thing." Surely no Judge of this Court or any other court of this State ever ignored the word "sole" in such phrases as sole legatee, sole heir, etc. This is in part the definition of the word "sole" as contained in Black's Law Dictionary: "Single, individual; separate; the opposite of joint; as a sole tenant. * * *" The following are some but not all of the synonyms of the adjective "sole": single, alone, exclusive, unique, lone, singular, distinct and specific.
Whether the term "proximate cause" as it relates to a tort action is singular or plural and as to whether it is necessary that a plaintiff's contributory negligence be such as to be "the" proximate cause or "one" of the proximate causes, I quote from the majority opinion: "In all the foregoing definitions of proximate cause, which may be considered as typical, the definition applies to the proximate cause and in none of them is there any suggestion or intimation that the definition deals with or relates to proximate causes. Proximate cause, regardless of how defined, is always spoken of as the proximate cause, not the proximate causes. It necessarily follows that the proximate cause is the sole proximate cause and that contributory negligence contributes to and becomes a part of such proximate cause but is not the proximate cause. If the negligence of the plaintiff is the proximate cause of the injury, instead of a cause proximately contributing to such injury, the plaintiff is not guilty of contributory negligence but instead is guilty of primary negligence, for there can be no contributory negligence of a plaintiff unless the defendant is guilty of negligence which is the proximate cause of the injury." In support of that statement the Court cites Shaw v. Perfetti, 147 W.Va. 87, 125 S.E.2d 778, in which case the principal issue before the court was the giving of Instruction No. 9 for the defendant over objection of plaintiffs. The only objection in the trial court was that it did not "correctly state the law on contributory negligence of infants." The instruction told the jury that if they believed certain facts set out therein "such action on the part of the plaintiff amounted to contributory negligence such as will bar the plaintiffs' right of recovery, and their verdict should be for the defendant." (Emphasis added.) Anything that was said in that opinion with regard to whether negligence of a plaintiff must contribute proximately to the injury or be the proximate cause thereof is obiter dictum. There was no objection by the plaintiffs to the giving of the instruction in that regard as required by Rule 51, R.C.P. In the majority opinion, Graham v. Wriston, 146 W.Va. 484, 120 S.E.2d 713, is also cited for that proposition and all that is said therein in that regard is also obiter dictum as will be noted hereinafter. The extensive quotation in the majority opinion of dicta from the Perfetti case does state the rule in Virginia as the cases cited under 13 M. J., Negligence, § 29, show. That section is quoted from with approval in the majority opinion as follows: "It is not necessary to the defense of contributory negligence to show that but for it the accident would not have occurred. It is enough to show that the negligence of the plaintiff contributed to the injury. The question to be determined is not whether the plaintiff's negligence caused, but whether it contributed to the injury of *761 which he complains." If the majority has adopted the Virginia rule then hereafter it will only be necessary for a defendant to show that the negligence of a plaintiff "contributed to the injury" even in the slightest degree to defeat recovery and a trial court may not instruct a jury that the negligence of a plaintiff must "contribute proximately" to his injury or be the "proximate cause" thereof although the jury must be instructed that the negligence of the defendant must be such as to constitute the "proximate cause" of plaintiff's injury or plaintiff cannot recover.
This is the or at least a West Virginia rule succinctly stated in Nuzum v. Railway Co., 30 W.Va. 228, 4 S.E. 242:
The remote negligence of the plaintiff will not prevent his recovery for an injury to his property or his person which was immediately caused by the negligence of the defendant; for the negligence of the plaintiff which will defeat a recovery must be the proximate cause of the injury.
Neither this nor any other decision of this Court adhering to that rule has been overruled or disapproved and no reference is made to any of them in the majority opinion.
The majority opinion cites and quotes from the opinion of Altvater v. Battocletti, 300 F.2d 156, 4th Circuit, at some length. The instruction which was pertinent to the decision in that case contained the following language that was not criticized: "[I]f you should find that both the driver of the car and the defendant were guilty of negligence, that the accident would not have happened but for the negligence of the defendant, that the negligence of both concurred to the time of the accident and jointly contributed to it, as PROXIMATE CAUSES thereof, * * *." (Capitals supplied.) In Blaine v. C. & O.R.R., 9 W.Va. 252, the unanimous opinion of which case was written by President Alpheus F. Haymond, this is the ninth syllabus point thereof: "The remote negligence of the plaintiff, will not prevent his recovering for an injury to his property, immediately caused by the negligence of the defendant. The negligence of the plaintiff, that defeats a recovery, must be a proximate cause of the injury." (Emphasis partially added.) In the unanimous opinion of Lilly v. Taylor, 151 W.Va. 730, 155 S.E.2d 579, the opinion of which was written by one of the majority in this case contains this sentence citing Tompkins v. Kanawha Board, 21 W.Va. 224, Syllabus, Point 4: "`Remote negligence of the plaintiff will not prevent his recovery for an injury immediately caused by the negligence of the defendant. The negligence of the plaintiff, which defeats his recovery, must be a proximate cause of the injury.'" (Emphasis added.) Divita v. Trucking Co., 129 W.Va. 267, 40 S.E.2d 324, contains the following language: "It is elementary that notwithstanding a finding of primary negligence on the part of defendant, to sustain a recovery thereon, it must also be shown that such negligence was the sole proximate cause of the damage complained of." (Emphasis added.) In Webb v. Sessler, 135 W.Va. 341, 63 S.E.2d 65, Point 2, Syllabus, the Court said: "The proximate cause of an injury is the last negligent act contributing thereto, without which such injury would not have resulted." (Emphasis added.) Matthews v. Gas Co., 138 W.Va. 639, 77 S.E.2d 180, contains the following language: "The proximate cause of an injury is the last negligent act contributing to the injury and without which the injury would not have resulted. * * * The proximate cause of an event is that cause which in actual sequence, unbroken by any independent cause, produces the event and without which the event would not have occurred." Syllabus, Point 5, Hartley v. Crede, 140 W.Va. 133, 82 S.E.2d 672, states: "The proximate cause of an injury is the last negligent act contributing to the injury and without which the injury would not have occurred." (Emphasis added.) See also Dunning v. Barlow & Wisler, Inc., 148 W.Va. 206, 133 S.E.2d 784, Syllabus, Point 4.
*762 The majority opinion condemns plaintiffs' Instructions 1, 3, 6 and 12 in this language: "To instruct a jury that a plaintiff, who is not shown to be not guilty of contributory negligence, may recover from a defendant whose negligence is the proximate cause of the injury of which the plaintiff complains is a palpable misstatement of law. The word `sole' before proximate cause does not negative or exclude contributory negligence upon the part of the plaintiff. Merely to refer to the negligence of the defendant as the sole proximate cause of the injury to the plaintiff not only does not negative contributory negligence upon the part of the plaintiff but tends to cause the jury to ignore or to fail to consider whether the plaintiff is or is not guilty of contributory negligence. By failing to negative contributory negligence each of the foregoing challenged instructions, in effect, tells the jury, by implication, that a plaintiff whose negligence proximately contributed to his injury may nevertheless recover from a defendant who is guilty of negligence which is the proximate cause of the injury to the plaintiff or, at least, permits the jury to render such a verdict." It is true that all four of these instructions contain the word "may" rather than the word "must" which sometimes but not always is determinative of whether an instruction is binding or permissive. The majority condemns these instructions because they are permissive rather than binding. The majority forgets apparently that the plaintiff won this case in the trial court. The plaintiff is not complaining of the judgment of that court and makes no cross assignment of error. Is it reversible error to use the word "may" in an instruction when the plaintiff would have been entitled to the much stronger word "must"? An authority cited for the position of the majority is Altvater v. Battocletti, 300 F.2d 156, 4th circuit. This was a case in which the trial court gave a permissive instruction over objection of the plaintiff, a verdict was rendered for the defendant and the plaintiff appealed. The appellate court held that the plaintiff was entitled to a mandatory instruction, set aside the judgment for the defendant and granted the plaintiff a new trial. Again, the plaintiff won in the trial court in this case and does not seek a reversal because he asked for and got a permissive instruction when he might have been entitled to a binding instruction and I am at a loss to understand how a defendant can be prejudiced thereby.
The specific holding of the majority in this case is stated in the following language: "This Court now holds that in an action based on negligence for damages for injury suffered by the plaintiff, in which the defendant relies upon the defense of contributory negligence, a permissive instruction which, in substance, tells the jury that if the jury believes from a preponderance of the evidence that the defendant was guilty of negligence which was the sole proximate cause of the injury to the plaintiff, the jury may find for the plaintiff, is erroneous in that it fails to negative the defense of contributory negligence upon the part of the plaintiff and tends to mislead and confuse the jury in that it would permit the jury to return a verdict for either the plaintiff or the defendant. Under such instruction the jury could return an improper verdict for the plaintiff who was guilty of contributory negligence or for the defendant who was guilty of primary negligence even though the plaintiff was not guilty of contributory negligence." (Emphasis added.)
As heretofore stated and as hereafter stated, I do not believe that to be the law in this jurisdiction or elsewhere and I believe that the phrase "sole proximate cause" clearly negatives any other cause such as the contributory negligence of the plaintiff as being the cause of plaintiff's injury. To say that the use of the word "sole" is so confusing to a jury as to constitute reversible error and assume as we have for a century that all jurors know precisely what the phrase "proximate cause" means is incredulous.
On March 7, 1905, in Blake v. Railway Co., 57 W.Va. 300, 50 S.E. 408, when commenting *763 upon an instruction of the plaintiff that told the jury "and that by reason of such negligence he was injured as alleged in his declaration, then the jury shall find for the plaintiff," (Emphasis added.) the Court said: `While it is true this present instruction does not, in terms, refer to the question of contributory negligence, yet can it be said to be what is termed a `binding instruction,' because it tells the jury `and that, by reason of such negligence, he was injured as alleged in his declaration, then the jury shall find for the plaintiff?' This says to the jury that if the defendant was guilty of negligence, and by reason thereof the plaintiff was injured, then he is entitled to recover; thereby presenting the question to the jury that a verdict must be based upon the negligence of the defendant which directly caused the injury." The Judges of this Court at the time that unanimous decision was announced were Brannon, Poffenbarger, McWhorter, Sanders and Cox. On June 10, 1969, a majority of the same Court, although composed of different Judges, without overruling or even disapproving the language used in the Blake case or others to the same effect, held that contributory negligence is not sufficiently negatived when the trial court tells the jury that they "may" find for the plaintiffs if they believe from the preponderance of the evidence that the "sole proximate cause" of the injury of the plaintiff was the negligence of the defendants. To state that there is some confusion in the decisions of this Court, and others incidently, in the use of the words "complete", "incomplete", "permissive", "hypothetical" or "binding" in opinions relating to instructions in tort actions particularly where a definition is attempted of negligence, contributory negligence and proximate cause just might be the understatement of the century.
This is the first syllabus point of Ward v. Ward, 47 W.Va. 766, 35 S.E. 873: "When the court instructs the jury that if they believe, from the evidence, certain hypothetical facts mentioned in the instructions, they must find for the party plaintiff or defendant, as the case may be, but omits from such statement of facts a material fact, which, being believed from the evidence, would require a different verdict, such instructions (sic) is erroneous, and, if excepted to and not cured, is ground for reversal." (Emphasis added.) The Ward case was cited in Petry v. Coal Co., 77 W.Va. 654, 88 S.E. 105, in finding that the giving of plaintiff's instruction No. 1 was reversible error. In stating the reason for finding that the giving of such instruction constituted reversible error the Court said: "It is a hypothetical instruction based upon what plaintiff claims to be the material facts in the case. The criticism of this instruction is that it omits an essential element in the case; namely, that of contributory negligence." (Emphasis added.) In the opinion is the following quotation from two Virginia cases: "An instruction which undertakes to cover the whole case and to state all the circumstances and conditions necessary to be considered by the jury in arriving at their verdict, and which omits an essential view of the case, is erroneous." So far at least it is clear that the fatal weakness in the instructions of the plaintiff was not that the language thereof failed to specifically negate contributory negligence but rather that the instructions were erroneous in that they undertook to relate certain facts developed by the evidence in the case and failed to include all of the facts and especially the facts upon which the jury might find that the plaintiff was guilty of contributory negligence.
This statement is contained in Evans v. Kirson, 88 W.Va. 343, 106 S.E. 647: "Plaintiff's instruction No. 1, however, was improperly given. It was a binding instruction, directing the jury to find for the plaintiff if from the evidence they believed that defendants did not use due and ordinary means to prevent the escape of the water. It wholly ignored the theory of contributory negligence in failing to close the stopcock in the basement, as disclosed by defendants' instruction No. 4. Binding *764 instructions ignoring vital issues in a case should not be given, even though such issues are presented by other separate and distinct instructions." (Emphasis added.) The following cases were cited in support of that statement. McCreery's Adm'x v. Ohio River R. Co., 43 W.Va. 110, 27 S.E. 327; Britton v. South Penn Oil Co., 73 W.Va. 792, 81 S.E. 525; Petry v. Cabin Creek Consolidated Coal Co., 77 W.Va. 654, 88 S.E. 105; Stuck v. K. & M. Ry. Co., 78 W.Va. 490, 89 S.E. 280; State v. Price, 83 W.Va. 71, 97 S.E. 582, 5 A.L.R. 1247. In Adams v. Gasoline & Oil Co., 109 W.Va. 631, 156 S.E. 63, the Court expressly approved the rule laid down in the Blake case and quoted therefrom substantially as has been done heretofore in this opinion. The Court stated further that where there is a defense of contributory negligence it is error to omit reference to such defense in a hypothetical instruction for plaintiff directing a finding for the plaintiff if certain facts are believed, citing several cases including some heretofore mentioned. But the Court goes on to say, "In a situation such as at bar, the said elements all existing, it would be a constrained application of procedural law that would require reversal merely because contributory negligence was not expressly negatived by plaintiff's instructions. Ordinarily, it is reversible error to give for the plaintiff a hypothetical instruction directing a finding for plaintiff if certain facts are believed, but omitting reference to contributory negligence where such defense is made, but applicability of that rule in a given case must be determined by the facts and in the light of all the instructions." (Emphasis added.) Thereafter in the opinion is this statement: "Maybe the rule is sound where the challenged instruction contains no language which, according to its common acceptation, would convey the idea that the jury should find for the plaintiff only if they believe from the evidence that the injury was caused solely by the defendant's negligent breach of duty, the instruction thereby, by necessary implication, meaning that if the jury believe that the plaintiff negligently contributed to his own injury, he could not recover; but where the instruction does contain such language, there would seem to be reasonable ground for permitting other instructions to be looked to by way of supplement to the challenged instruction, if it, in fact, is not sufficient in itself." (Capitalization and emphasis added.) That case has neither been criticized nor overruled as far as I am able to discover. Is it not reasonable to assume that the language "sole proximate cause" is "such language" as would meet the test in the Adams case?
In Nichols v. Raleigh Wyoming Mining Company, 113 W.Va. 631, 169 S.E. 451, this Court reversed a judgment of the trial court upon a jury verdict of $6500 for the plaintiff for the sole reason that the giving of plaintiff's instruction No. 1 was reversible error. The instruction is approximately one page long and attempts to set out the facts which if believed would entitle the plaintiff to a verdict by the jury and ends with this language: "then you should find for the plaintiff and assess such damages as you shall deem fair and just, not exceeding ten thousand dollars." (Emphasis added.) In the Nichols opinion the Adams case is approved primarily for the reason that "an instruction was given to the jury clearly defining the meaning of the phrase `proximate cause.'" That was an instruction other than the one relied upon for reversal. Then near the end of the opinion is this statement: "The facts are such that there should be no relaxing of the general rule that in an action for damages for personal injury, where there is defense of contributory negligence, a binding instruction for the plaintiff is prejudicially erroneous if it does not specifically negative contributory negligence on the part of the plaintiff." (Emphasis added.) In the recent, and unanimous, decision in Davis v. Fire Creek Fuel Company, 144 W.Va. 537, 109 S.E.2d 144, this is the seventh syllabus point: `An instruction containing the word `may,' telling the jury that it may find a verdict for one of the parties, is a permissive and not a binding instruction, and it is *765 not error to give such instruction even though it omits facts necessary for the theories of both parties if other instructions given by the court instruct the jury fully and fairly with regard to same.' (Emphasis added.) In the opinion the Court had this comment with regard to the giving of plaintiff's instruction No. 3: "The only ground relied on by the trial court for setting aside the verdict of the jury and awarding to the defendants a new trial was the giving of instruction number 3, offered by the plaintiff over the objection of defendants, which the trial court was of opinion constituted reversible error because it was a binding instruction and did not negative contributory negligence." The Court held that the instruction was erroneous "but not for the reason given by the trial court." That instruction undertook to delineate the facts upon which plaintiff sought recovery but did not include other facts developed by the evidence which might have justified the jury in finding for the defendant but this Court said that was not erroneous and that it was not necessary for the plaintiff to recite all of the facts in the case so long as the instruction was permissive in that it used the word "may" rather than the word "must". In the opinion the Court cites Curfman v. West Penn, 113 W.Va. 85, 166 S.E. 848, and it is interesting to compare the Curfman case with Nichols v. Mining Company, heretofore cited, both reported in the same volume of the West Virginia Reports.
In Walker v. Robertson, 141 W.Va. 563, 91 S.E.2d 468, this Court found no prejudicial error in the giving of defendant's instruction No. 2 which as offered read as follows: "The Court instructs you that contributory negligence is the doing of a negligent act by a plaintiff which approximately contributes to causing the damages of which she complains. Therefore, you are instructed that if you find from the evidence that the plaintiff was guilty of committing any act of negligence, however slight, which proximately contributed to causing the injuries of which she complains, then you are not permitted to weigh the degree or amount of negligence of each of the parties, but you must return a verdict for the defendant." (Emphasis added.) The trial court struck out the word "must", substituted the word "may" and gave the instruction as amended. This Court said in the opinion: "The trial court amended the instruction by striking out the word `must' and substituting the word `may'. Otherwise, defendant's instruction number 2 was not amended. Defendant's instruction number 2 was a binding instruction as offered. The substitution of the word `may' for the word `must' made it a permissive instruction. Such instruction as offered should have stated the negligent acts or conduct allegedly committed by the plaintiff as constituting contributory negligence. It did not do so, and as offered, was properly refused." (Emphasis added.) In support of that statement the Court cited the following cases: Bragg v. Transfer Co., 125 W.Va. 722, 727 et seq., 26 S.E.2d 217; Lawson v. Dye, 106 W.Va. 494, 498, 145 S.E. 817, 63 A.L.R. 271; Burdette v. Henson, 96 W.Va. 31, 36, 122 S.E. 356, 37 A.L.R. 489; Woodell v. Improvement Co., 38 W.Va. 23, 49, 17 S.E. 386. This is obviously an erroneous statement of the law and reference to one of those cases cited, the Bragg case, indicates the reason for the erroneous holding. In the Bragg case the Court said: "Plaintiff's instruction No. 6 directed the jury to find a verdict for the plaintiff if certain hypothetical facts were believedin common parlance, it was a binding instruction. `It has been repeatedly held that it is improper for the court, in instructing the jury, to single out certain facts and instruct the jury, that if they are true, they must find for either of the parties in accordance with such facts, when there are other facts or evidence in the case bearing on the subject.'" (Emphasis added.) Several former decisions of this Court were cited in support of that statement. The trial court committed reversible error in amending the instruction in the Robertson case to make it a "permissive" rather than a "binding" instruction. *766 The defendant was entitled to an instruction that informed the jury that if the plaintiff was guilty of committing any act of negligence, however slight, which proximately contributed to causing her injuries it was the mandatory duty of the jury to return a verdict for the defendant regardless of how negligent the defendant might have been. To repeat, it is obvious that this Court confused an "incomplete" instruction citing facts for either the plaintiff or the defendant which is not erroneous so long as such instruction is "permissive" in that it uses the word "may" or some synonymous word or phrase and does not use the word "must" or some other word of similar import with a "binding" instruction to the effect that a plaintiff cannot recover if it be shown by a preponderance of the evidence that the plaintiff was guilty of any negligence that contributed proximately to his injury. Incidently these words or phrases have been found in instructions passed upon by this Court: "must," "may," "should," "might," "is directed to" and "duty to"; but it is not always true that by the use of permissive language that an instruction given in behalf of a plaintiff is proper. It, of course, depends upon whether it is what some of the cases call a "hypothetical" instruction and, if so, whether it is "complete" or "incomplete." If it is not a hypothetical instruction it must specifically negative contributory negligence whether the word "may" or "must" is contained therein. But if it does so, as in this case, the use of the mandatory word "must" is permissible. The rule applies conversely to a defense instruction where applicable.
The majority opinion has cited Graham v. Wriston, 146 W.Va. 484, 120 S.E.2d 713, as authority for the holding in this case. In my opinion it is not authority for any statement contained in the majority opinion. This was the instruction being discussed which is alleged to be authority in the instant case: "The Court instructs the jury that if you should believe from the evidence that both plaintiff and defendant were guilty of negligence which combined and contributed to cause the accident and injuries testified about, then the plaintiff can not recover damages, and it is your duty to return a verdict in favor of the defendant, Orville Wriston." All that was said in that case about that instruction was obiter dictum. This sentence is contained in the Wriston opinion: "There having been no specific objection in this respect, the omission of the element of proximate cause from the instruction will not be considered." However, this Court stated that "the element of proximate cause is implied in the language, that both plaintiff and defendant were guilty of negligence which combined and contributed to cause the accident * * *." Has this Court laid down one rule as to proximate cause in instructions for a defendant and another and more stringent rule for a plaintiff? Does not this instruction say to the jury that if the plaintiff was negligent even though such negligence did not proximately contribute to his injury that he still could not recover? I am aware of the fact that several decisions of this Court are cited in the Wriston opinion for the following statement: "When a plaintiff is negligent and his negligence concurs and cooperates with that of the defendant, as a proximate cause of the injury complained of, he cannot recover." (Emphasis added.) This is the definition of concurrent negligence in Black's Law Dictionary, Fourth Edition, page 1185: "Concurrent Negligence. Arises where the injury is approximately caused by the concurrent wrongful acts or omissions of two or more persons acting independently." This Court has consistently applied the doctrine of concurrent negligence only to two or more persons occupying the position of defendants. Sigmon v. Mundy, 125 W.Va. 591, 25 S.E.2d 636; Wilson v. Edwards, 138 W.Va. 613, 77 S.E.2d 164 and Hartley v. Crede, 140 W.Va. 133, 82 S.E.2d 672. This would appear to be the general rule in other jurisdictions. See Sherman and Redfield on Negligence, Revised Edition, page 104. If there is some conflict in the decisions of this Court upon that question I have no desire to try to *767 reconcile them or criticize them, but I am trying to make the point that in many of the cases that have not been disapproved or overruled even by dicta in the Wriston case decided in June, 1961, the failure to use the phrase proximate cause in designating the alleged contributory negligence of a plaintiff has not been fatal. Now the Court holds in this case that contributory negligence is not negatived by a statement in an instruction that the jury may find for the plaintiff if they believe that the injury to the plaintiff was caused by the negligence of the defendant and that such was the sole proximate cause of the plaintiff's injury. If there is evidence to support it, the jury should be instructed that if they believe from a preponderance of the evidence that the negligence of the plaintiff was the sole proximate cause of the injury to the plaintiff they must return a verdict for the defendant. Assuming that there can be only one proximate cause of an injury in a personal injury or wrongful death action, there can never be an act of contributory negligence which proximately causes a plaintiff's injury unless before the act of negligence of the plaintiff the defendant had committed a negligent act. If the plaintiff is negligent and as a result thereof he is injured he can recover even though he is negligent subsequent to the defendant's negligence unless his negligence is such that it becomes the proximate cause of the injury or "contributes proximately" to it. "Contributes proximately" is a linguistic and legalistic monstrosity the meaning of which no juror has the slightest conception but the majority "presumes" that this jury was "confused" only by the word "sole."
In the principal case there was evidence from which the jury could have found, as they did, that the defendant was guilty of primary negligence in driving her automobile across the center line of the street and striking the plaintiff. It is my opinion that the jury had a right to determine from this evidence that the defendant's conduct in that particular situation was the "sole proximate cause" of the plaintiff's injuries. It is my opinion that the jury had a right to find that the plaintiff was guilty of no negligence inasmuch as she had as much right to the use of that street as did the defendant and since the evidence is conclusive from both the plaintiff and the defendant that the plaintiff was struck on "her side of the street" the only negligence in the case was that of the defendant. To hold that the giving of instructions Nos. 1, 3, 6 and 12 was reversible error because they did not specifically negative contributory negligence assuming that the evidence justified such is to ignore the clear meaning of three words of the English language, to-wit, "sole proximate cause." If the defendant's negligence was the sole or only cause of the injury to the plaintiff then it is useless to speculate about the alleged negligence of the plaintiff "contributing proximately" to her injury.
In State Road Commission of West Virginia, a corp., v. J. Otis Bowling & Idell Bowling, decided at this term, W.Va., 166 S.E.2d 119, the Court held:
The doctrine of harmless error is firmly established by statute, court rule and court decisions as a salutary aspect of the law of this state. R.C.P. 61; Code, 1931, 58-1-2 and 3; Code, 1931, 62-2-10 and 11; 1B M.J., Appeal and Error, Section 285, page 418; State v. Riley, 151 W.Va. 364, pt. 25 syl., 151 S.E.2d 308; Boggs v. Settle, 150 W.Va. 330, pt. 2 syl., 145 S.E.2d 446; Merchants National Bank of Point Pleasant v. Ralphsnyder, 113 W.Va. 480, pt. 2 syl., 169 S.E. 89; Zirkle v. Moore, Keppel & Company, 110 W.Va. 535, pt. 1 syl., 158 S.E. 785; State v. Musgrave, 109 W.Va. 247, 153 S.E. 515; Horner v. Life, Admr., 76 W.Va. 231, pt. 3 syl., 85 S.E. 249.
Instructions must be read as a whole, and if, when so read, it is apparent that they could not have misled the jury, the verdict will not be disturbed, though one of the instructions may have been susceptible of a doubtful construction while standing alone * * *.
*768 As heretofore stated, even if the giving of plaintiffs' instructions 5 and 7 was error, it was harmless error. I believe the giving of plaintiffs' instructions 1, 3, 6 and 12 was in that category, also even assuming that the phrase "sole proximate cause" did not effectively negative contributory negligence as a contributing proximate cause of plaintiff's injuries. It will be observed that not one of the six instructions offered by plaintiffs and given over objection of counsel for defendants which the majority found to constitute reversible error is set out in the majority opinion. Let us forget 5 and 7 and focus our attention upon 1, 3, 6 and 12. Each was placed in the category of a binding instruction and condemned because the word "may" rather than the word "must" was used therein. They were found to be prejudicial to defendants for the further reason that they did not negative contributory negligence. For the information of judges of courts of record of this State having jurisdiction of tort actions and attorneys who practice in those courts, plaintiffs' instructions 1 and 12 as given by the trial judge are quoted verbatim:
The Court instructs the jury that negligence is the doing of some act that a reasonably prudent person would not have done under the same or similar circumstances or the failure to do an act which a reasonable and prudent person would have done under the same or similar circumstances; it is the failure to exercise the care of an ordinarily or reasonably prudent person under the same or similar circumstances.
If you believe from a preponderance of the evidence in this case that Louise Mancari did some act that a reasonable or prudent person would not have done under the same or similar circumstances or failed to do some act that a reasonable and prudent person would have done under the same or similar circumstances then you may find that Louise Mancari was negligent, and if you further believe from a preponderance of the evidence that such negligence, if any, was the sole proximate cause of Mildred Yates' injuries then you may find for the plaintiffs and against the defendants and assess their damages in accordance with the other instructions in this case.
The Court instructs the jury that the law of the State of West Virginia provides that no vehicle shall at any time be driven to the left side of the roadway when approaching within 100 feet of or traversing any intersection.
You are, therefore, further instructed that if you believe from a preponderance of the evidence in this case that Louise Mancari drove her vehicle to the left side of the roadway when she was approaching within 100 feet of or traversing an intersection, then you may find Louise Mancari was negligent, and if you further believe from a preponderance of the evidence that such negligence, if any, was the sole proximate cause of Mildred Yates' injuries then you may find for Mildred Yates and Carl Yates and against the defendants and assess their damages in accordance with the other instructions in this case.
It is obvious that they do not fall within the same classification as noted in the decisions of this Court heretofore cited and quoted from. But further assuming that all four were of the species that required the negativing of contributory negligence and that "sole proximate cause" did not do so, I believe the giving of these instructions was harmless error for the reason that the jury could not possibly have been misled as to what they must believe from a preponderance of the evidence before they could return a verdict for the plaintiffs. If there were two proximate causes, certainly "sole" would eliminate the other cause. If there can be only one proximate cause "sole" would seem to take care of that situation. Even if there can be only one proximate cause, i. e., the negligence of the defendant as held by the majority, would not the language sole proximate cause inform the jury that they could not find for the plaintiffs *769 if the injury of the female plaintiff was caused by the negligence of such plaintiff which contributed proximately to her injury? I believe so. Furthermore, the trial judge gave defendants' instructions numbered 2-12, 14, 17-21, as well as several instructions offered by plaintiffs and not objected to by counsel for defendants. Contributory negligence and proximate cause were defined at length, and assuming that jurors are thoroughly conversant upon these subjects after hearing thirty-five or forty instructions read to them by the trial judge defining them, this jury should not have been "confused" as the majority says, especially by such a simple word as "sole."
Let me commend the majority, however, for their candor in apologizing for their decision and their opinion and in effect disapproving such holding in this language: "Notwithstanding the foregoing pronouncements nothing in this opinion is intended or should be considered to be applicable to or in disapproval of any permissive or incomplete instruction that does not relate to the kind of verdict or the manner in which it is reached by the jury. All such matters will, of course, be dealt with as and when they come before this Court for consideration and decision." (Emphasis added.)
I would affirm the judgment of the Circuit Court of Jackson County and I am authorized to state that CAPLAN, J., agrees with the views expressed in this dissenting opinion.