BENNY DIVITA

*v.*

ATLANTIC TRUCKING COMPANY

(No. 9827)

Submitted September 4, 1946. Decided November 12, 1946.

*Mahan, White, Higgins & Laird,* for plaintiff in error.
*Thompson & Vickers,* for defendant in error.

LOVINS, JUDGE:

This action was instituted by Benny Divita to recover damages for personal injuries resulting from a highway collision between an automobile owned by plaintiff and

driven by his employee, in which he was riding and a motor truck owned by defendant, Atlantic Trucking Company. To a judgment of the Circuit Court of Fayette County, entered on a jury verdict in favor of plaintiff in the amount of thirty-five hundred dollars, defendant, Atlantic Trucking Company, prosecutes this writ of error.

From the evidence adduced before the trial court, the accident, resulting in plaintiff's injuries, occurred as follows:

Plaintiff was the owner of a group of taxis which he managed and operated in and around the City of Montgomery under the firm name of Divita Taxi Company. Reuben Griffith was employed by plaintiff as a taxi driver and was on duty as such on the night of November 12, 1943. In accordance with plaintiff's agreement about two a. m. of that night, Griffith went to a cafe in Montgomery to pick up some lunch boxes for delivery to employees of Electro-Metallurgical Company at its plant located a few miles east of Montgomery on U. S. Route No. 60. At the same time the taxi was engaged by three waitresses employed at the same cafe to transport them to their respective homes located along the route the taxi would follow in delivering the lunch boxes.

Before leaving Montgomery, Griffith stopped by plaintiff's offices where plaintiff and Lonnie Legg, another of plaintiff's employees, entered the rear seat of the taxi, where one of the waitresses was seated, the other two waitresses being seated in the front seat of the taxi. Thereupon Griffith drove the taxi east along U. S. Route No. 60, a three-lane highway, to the Town of Smithers, where the taxi collided with the rear end of defendant's truck, which was stopped on the southern paved portion of the highway. As a result of the collision plaintiff was seriously and permanently injured.

Defendant's driver in explaining his position at the time of the collision, stated that a few minutes earlier, while he had been travelling east along Route No. 60, his

truck and another truck, travelling in the opposite direction, had collided by slightly scraping the sides of the two vehicles. He had immediately stopped his truck on the right side of the paved portion of the road, and walked back to the other truck so that he and the driver of the other truck could exchange information relative to filing reports of the accident. After a few minutes defendant's driver returned to his truck, and, while preparing to start the engine of his vehicle, the same was struck by plaintiff's taxi from the rear.

There is a dispute in the evidence as to whether the tail lights of defendant's truck were burning at the time of the accident, but the verdict of the jury in favor of plaintiff resolves that question and we therefore assume that the tail lights were not burning. Flares, or other similar devices warning motorists that the truck was parked on the paved portion of the highway, were not used. From the physical situation, as described by uncontradicted testimony, it is clear that there was ample room on the berm on defendant's driver's right side of the road to have parked his truck clear of the paved portion of the highway.

Although there is evidence tending to show that en route from Montgomery to the scene of the accident, Griffith operated the taxi at speeds varying from thirty-five miles an hour to sixty-five miles an hour, it does appear that prior to the accident, he had reduced his speed to somewhere between twenty and twenty-five miles an hour, at which rate of speed he was driving at the time of the collision.

Furthermore, there is evidence, disputed by plaintiff, tending to show that Griffith's attention was being attracted by one of two causes, namely, that he was turning his head from the road while engaged in an argument with plaintiff, or that he was attempting to fondle the person of one of the waitresses seated next to him. The verdict, however, resolves these disputes in favor of plaintiff, and, accordingly, they are not here considered.

There is also a sharp conflict in the evidence as to the weather conditions existing at the time of the accident. Plaintiff, through his own testimony, as well as through the testimony of Griffith and others, shows that the night was extremely dark and that a heavy mist had formed. Plaintiff's evidence shows that it was so dark and misty that the lights of the taxi had to be kept on "low beam" and that at no time could they see more than twenty-five feet ahead of them. At the scene of the accident, plaintiff and Griffith both testified that they were unable to see defendant's truck until they were within twenty or twenty-five feet of it. Again, because of the verdict of the jury, we consider only the weather conditions as testified to by plaintiff and his witnesses, and disregard evidence offered by defendant tending to dispute these weather conditions.

When Griffith saw defendant's truck, he was travelling about twenty to twenty-five miles an hour, was within twenty or twenty-five feet of it, and both Griffith and plaintiff state it was too late to avoid or prevent the collision.

The foregoing are in substance the material facts proved at the trial. As indicated above, we are considering only such facts as are not disputed, and as to those in dispute we consider only the versions thereof and the inferences arising therefrom which are most favorable to plaintiff, in whose favor the jury rendered its verdict. Adkins v. Transit Co., 127 W. Va. 131, 31 S. E. 2d 775.

In prosecuting its writ of error here, defendant offers ten assignments of error, which, for the purposes of discussion herein, can be consolidated: (1) The trial court erred in refusing to give certain instructions, being instructions Nos. 3, 16 and 23, offered by defendant; and (2) the trial court erred in refusing to hold that plaintiff, as a matter of law, was guilty of negligence proximately contributing to his injury.

Defendant's instruction No. 3 is clearly repetitious of portions of its instruction No. 2, tendered by it and given.

Therefore, the trial court's refusal to give this instruction does not constitute error.

Defendant's instruction No. 16, as offered by defendant and refused by the trial court, reads as follows: "The court further instructs the jury that since the place of the accident involved in this case was within the corporate limits of a municipal corporation, Merrill Akers, the driver of the Atlantic Trucking Company's vehicle, was not required by law upon stopping the same either to dim or leave burning his lights."

Counsel for defendant cites no pertinent authority for this proposition other than Code, 17-19-9. That section constitutes a statutory regulation of the highways, is penal in its nature, and prescribes: "Any person who shall park, except with its lights dimmed, any automobile or other motor vehicle on any public road or highway *outside the limits of any incorporated town or city,* between thirty minutes after sundown and thirty minutes before sunrise, shall be guilty of obstructing such road or highway, and, upon conviction thereof, shall be fined not less than ten nor more than fifty dollars, or imprisoned in the county jail not less than ten nor more than thirty days." (Emphasis supplied). Defendant relies upon the emphasized words and the admitted fact that the accident occurred within an incorporated town, as excepting it from any legal duty "to dim or leave burning the lights". We do not agree with that contention.

While unquestionably defendant's driver, under the circumstances described above, would not have been subject of a criminal prosecution under Code, 17-19-9, because of the exception therein, nevertheless, that exception does not relieve it of the duty to exercise ordinary and reasonable care to protect others using the highway from injury by reason of colliding with its truck. That duty is based on well established common law principles which are applicable to the case at bar. The duty was succinctly expressed by Judge Rose in *Cooper* v. *Teter*, 123 W. Va.

372, 376, 15 S. E. 2d 152, wherein he stated: "* * * It was necessary that he [defendant] so place it [a vehicle stopped on a travelled road at night] so as to obstruct traffic as little as possible and *that he exercise a high degree of care to guard the same and to warn approaching travelers of its presence on the highway.*" (Emphasis supplied). Obviously, illumination of defendant's truck by the burning of its own lights comes within the purview of warning approaching travelers of its presence on the highway, and it was within the province of the jury to find that, having failed to so warn approaching travelers, defendant had violated that common law duty. The effect of defendant's instruction No. 16 was to ignore that common law duty, and consequently the trial court's refusal to give that instruction was not error.

A contention similar to defendant's with reference to this assignment of error was presented to this Court in *Porterfield v. Sudduth,* 117 W. Va. 231, 233, 185 S. E. 209, but was therein disapproved.

Defendant's instruction No. 23, which was refused by the trial court, reads as follows: "The court instructs the jury that in operating his taxi-cab on the highway at the time and place in question in this action, it was the duty of the plaintiff and his driver, Reuben Griffith, to have the same equipped with lights of such power and so placed as to furnish sufficient light to render any substantial object clearly discernible on a level road at least 200 feet directly ahead, and if the jury believe that the lights on the taxi-cab involved in this case were not of sufficient strength or so placed as to render substantial objects on the road ahead of said taxicab discernible for a distance of at least 200 feet ahead of said cab, then the operator of the same, the said Griffith, was guilty of negligence; and if you further believe that such negligence proximately contributed to cause the accident involved in this case, or proximately concurred with the negligence of Merrill Akers, the driver of the Atlantic Trucking Company vehicle, to cause the same, then the plaintiff,

Benny Divita, cannot recover and your verdict should be for the defendant."

This instruction is based upon two statutes regulating the use of the highways of this State. The first, Code, 17-8-15, states, "Whenever there is not sufficient light to render clearly discernible a substantial object on the highway at a distance of two hundred feet ahead, the operator of a vehicle shall light and keep lighted all lamps with which, under the provisions of this chapter, such vehicle must be equipped, * * *." The second statute, Code, 17-8-22, as amended and reenacted by Chapter 62, Acts of the Legislature, 1943, prescribes the lamps with which plaintiff's taxi should have been equipped: "* * * If such vehicles can exceed a speed of fifteen miles per hour, then they shall have front lamps capable of furnishing light of sufficient candle power to render any substantial object clearly discernible on a level road at least two hundred feet directly ahead. * * *".

The first portion of this instruction properly describes the statutory duty "* * * of the plaintiff and his driver, Reuben Griffith, to have the same [taxi-cab] equipped with lights of such power and so placed as to furnish sufficient light to render any substantial object clearly discernible on a level road at least 200 feet directly ahead * * *." However, the instruction thereafter attempts to apply that duty to the facts of the instant case by asserting, "* * * and if the jury believe that the lights on the taxi-cab involved in this case were not of sufficient strength or so placed as to render substantial objects on the road ahead of said taxi-cab discernible for a distance of at least 200 feet ahead of said cab, then the operator of the same, the said Griffith, was guilty of negligence * * *."

It is to be noted that Code, 17-8-22, as amended, contemplates that the lights required should render clearly discernible substantial objects on a *level* road at least 200 feet *directly* ahead. It is obvious that the statute does not contemplate the lighting of the road ahead where

the same is not level or is curved laterally. Such a construction would not only be violating the very wording of the statute, but would be to require the impossible of a motorist. Nevertheless, defendant's instruction No. 23, in applying the statutory duty to the instant case, fails to include those two essential elements of the duty, and states that the road ahead, level or otherwise, and disregarding any lateral curvature, must be illuminated.

Furthermore, we do not believe that Code, 17-8-22, contemplates the imposition of this duty, even if the road directly ahead is level and straight, where, because of other interfering elements, discernibility of substantial objects is made impossible. In the instant case there is substantial evidence on which the jury could, and in fact did, find that mist and weather conditions rendered impossible visibility beyond a distance of twenty to twenty-five feet. The condition of the weather, at the time and place of the accident, was a strongly disputed question of fact. But the instruction, as offered, fails to consider plaintiff's theory that weather conditions rendered all visibility impossible beyond twenty to twenty-five feet. For these reasons, we see no error in the trial court's refusal to give defendant's instruction No. 23.

Whether plaintiff, as a matter of law, was guilty of negligence proximately contributing to his injuries presents a more serious question. That question was raised in the trial court in the following manner: (1) Defendant's objection and exception to giving to the jury plaintiff's instruction No. 1, the effect of which made a question of fact for jury determination, rather than a question of law, whether plaintiff was guilty of such contributory negligence as would deny him the right of recovery against defendant; (2) defendant's exception to the trial court's refusal to give defendant's instruction No. 1, which was peremptory; (3) defendant's exceptions to the trial court's actions in overruling defendant's motions to strike out plaintiff's evidence and direct a verdict for defendant, which motions were made at the conclusion of plaintiff's evidence and renewed at the conclusion

of all the evidence; and (4) defendant's exception to the trial court's action in overruling defendant's motion to set aside the verdict and grant it a new trial.

It is undisputed that at the time of the accident Griffiith was engaged in carrying out the business and orders of the plaintiff, his employer, and was doing so in a manner tacitly approved by plaintiff. Therefore, any acts of contributory negligence on the part of Griffith are imputable to plaintiff.

Before discussing the second question, however, we must briefly refer to the finality of the jury's verdict in so far as it constitutes a finding of primary negligence on the part of defendant. Defendant's driver stopped his vehicle on a public highway at night, under conditions described above, although he could have stopped the same so as to be clear of the traveled portion of the highway. He did not exercise care to warn approaching travelers of the truck's presence on the highway, nor did he offer a reasonable and justifiable explanation for his failure to exercise such care. *Cooper v. Teter, supra.* A review of the record shows that the evidence fully supports a finding of primary negligence on the part of defendant, and further discussion here with reference thereto is not warranted.

It is elementary that notwithstanding a finding of primary negligence on the part of defendant, to sustain a recovery thereon, it must also be shown that such negligence was the sole proximate cause of the damage complained of. If it appears that plaintiff was guilty of acts of negligence which "proximately contributed" to the damage complained of, plaintiff is barred of recovery. The term proximate cause has been defined as that cause "* * * without which the accident would not have occurred * * *." *Anderson* v. *Railroad Co.*, 74 W. Va. 17, 19, 81 S. E. 579; *Scott* v. *Engineering Co.*, 117 W. Va. 395, 398, 185 S. E. 553; *Miller* v. *Douglas*, 121 W. Va. 638, 5 S. E. 2d 799. It necessarily follows that the term proximately contributed is of similar import. There-

fore, we are called upon to ascertain if plaintiff and his driver were guilty of negligent acts "without which the accident would not have occurred." We think that under the circumstances stated above, they were guilty of such acts.

It will be recalled that plaintiff and his driver both stated that the taxi-cab was travelling at a rate of speed of from twenty to twenty-five miles an hour, although each admits that the weather conditions were such that visibility was limited to approximately twenty or twenty-five feet. Furthermore, each admits that at that rate of speed, the driver did not have sufficient control over his vehicle to avoid colliding with defendant's truck when its presence came within his range of vision. Both men testified that when they did see defendant's truck it was too late for Griffith to avoid hitting it. The condition of the taxi-cab after the collision, and the seriousness and extensiveness of plaintiff's injuries attest to the violence of the impact. As a matter of law, we hold that plaintiff and his driver were contributorily negligent by their failure, in the circumstances of this case, to operate the taxi-cab in such manner that the same could be kept under their control within their range of vision.

In arriving at this conclusion, we have considered the doctrine of this Court as announced in *Tochek v. Transport Co.*, 109 W. Va. 20, 24, 152 S. E. 776, that "* * * 'A person operating an automobile in a public highway, exercising reasonable care, may assume that others using the highway will also act with reasonable care; and he is not negligent in acting accordingly. Others may assume the same of him. He has a right to assume that the driver of other vehicles will observe the law of the road, and he is not guilty of contributory negligence in acting upon such assumption, unless he has knowledge to the contrary.' Berry on Auto. (6th Ed.), Vol. 1, Section 225 * * *." See also *Corcoran v. City of New York*, 188 N. Y. 131, 80 N. E. 660. The application of this doctrine is predicated on the proposition that plaintiff was exercising reasonable care in the operation of his vehicle,

and, but for the negligence of the defendant, the accident would not have occurred. However, here we have a different situation. The plaintiff's driver was negligent in the operation of his taxi-cab, and without such negligence, the accident would not have occurred. Even if defendant's driver had used reasonable care to warn plaintiff of the presence of defendant's truck on the road, plaintiff, by his own admission and because of his own negligence, could not have recognized that warning in time to have avoided the accident. Considering the condition of visibility, plaintiff's driver reasonably should have known that at the rate of speed at which he was driving, he could not have controlled his vehicle within the range of his vision.

Judge Poffenbarger, discussing an almost identical situation, stated, "* * * He [plaintiff] and his witnesses admit that no time intervened between their discovery of the defendant's car and the collision. There was no opportunity to prevent injury by stopping their car. Reasonable care, caution and prudence in the driving of a car requires it to be so handled as to permit such opportunity and the law requires the driver to take advantage of it, if he would avoid liability for damages to others, or preserve his right of action based upon negligence of others. *Fisher* v. *O'Brien*, 99 Kan. 621, L.R.A. 1917 F 610; *Ott* v. *Wilson*, (Mich.), 185 N. W. 860." *Ewing* v. *Chapman*, 91 W. Va. 641, 647, 114 S. E. 158. The same principle is applicable here. See *Pratt* v. *Miles*, 166 Va. 478, 186 S. E. 27; *Kinsey* v. *Brugh*, 157 Va. 407, 161 S. E. 41; and *Harris* v. *Howerton*, 169 Va. 647, 194 S. E. 692.

We think that it is a sound rule to require the operator of a motor vehicle driven on a public road to have his vehicle under such control that it can be stopped within the distance that the operator can see ahead. Of course, we do not intend that such rule should apply in every instance, such as where there are sharp curves or other impediments to clear vision, but in the circumstances of

this case observance of such rule might have prevented the accident.

Plaintiff argues that the evidence regarding the accident is conflicting and "In a personal injury action, where there is substantial evidence tending both to support and to refute the defense of contributory negligence, the verdict of the jury will be considered as determining that issue." *Haney* v. *Town of Rainelle*, 125 W. Va. 397, 25 S. E. 2d 207. But, as we view this case, plaintiff's own version of the accident rendered him contributorily negligent. Such conflict as existed in the evidence was not as to whether plaintiff was or was not negligent, but rather the degree to which he was negligent. And "Where * * * the governing facts are not disputed, and are such that reasonable minds could draw but one conclusion from them, the questions of primary negligence and contributory negligence are for judicial determination as matters of law." *Wood* v. *Shrewsbury*, 117 W. Va. 569, 186 S. E. 294.

Accordingly, the judgment of the Circuit Court of Fayette County is reversed, the verdict set aside, and a new trial awarded.

> *Judgment reversed; verdict set aside; new trial awarded.*