Roy A. **SPAULDING**, Appellant,

v.

**ANCHOR MOTOR FREIGHT, INC., OF DELAWARE**, and William T. Chamberlin, Jr., Appellees.

No. 9492.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1964.

Decided Oct. 7, 1964.

**362**

care should have seen. Such contributory negligence is an absolute bar to recovery in West Virginia, whatever the fault of the defendant.

The District Court's conclusion was in accordance with the West Virginia authorities. Smith v. Penn Line Service, Inc., 145 W.Va. 1, 113 S.E.2d 505; Scott v. Hoosier Engineering Co., 117 W.Va. 395, 185 S.E. 553; Divita v. Atlantic Trucking Co., 129 W.Va. 267, 40 S.E.2d 324; Wolfe v. Beatty Motor Express, Inc., 143 W.Va. 238, 101 S.E.2d 81.

Affirmed.

George A. Daugherty, Charleston, W. Va. (Preiser, Weaver & Daugherty, Charleston, W. Va., on brief), for appellant.

Edward W. Eardley, Charleston, W. Va. (Carl F. Stucky, Jr., and Steptoe & Johnson, Charleston, W. Va., on brief), for appellees.

Before HAYNSWORTH and J. SPENCER BELL, Circuit Judges, and GORDON, District Judge.

PER CURIAM:

The plaintiff, driving through a lighted intersection in downtown Charleston, West Virginia, ran head-on into the front of a large tractor-trailer, which was stalled in the plaintiff's line of traffic. The plaintiff did not see the tractor until almost the moment of impact. He thought he had had time to touch his brake pedal, but there was insufficient time for his brakes to take effect.

Under these circumstances, the District Court directed a verdict for the defendant. It did so upon the theory that West Virginia law requires a motorist to look effectively and holds him guilty of contributory negligence when he fails to see what a motorist exercising due