301 S.E.2d 165

**Scott EVERLY, Peggy Everly and Marita O'Donnell**

v.

**COLUMBIA GAS OF WEST VIRGINIA, INC., A Corporation.**

No. 15285.

Supreme Court of Appeals of West Virginia.

Dec. 15, 1982.

Rehearing Denied March 30, 1983.

Richard D. Poling and Clark B. Frame, Wilson, Frame & Poling, Morgantown, for appellants.

W. Del Roy Harner and Richard H. Talbott, Jr., Brown, Harner & Busch, Elkins, for Marita O'Donnell.

Andrew J. Sonderman and Thomas E. Morgan, Columbus, Ohio, for appellee.

HARSHBARGER, Justice:

Scott and Peggy Everly and Marita O'Donnell appeal from an August 4, 1980 final order of the Circuit Court of Randolph County entering judgment in favor of the appellee, Columbia Gas of West Virginia, Inc. In their consolidated civil action, appellants sought damages for losses resulting from an explosion allegedly caused by appellee's negligence; and contend that the trial court erred in instructing the jury that any contributing negligence on their part would bar recovery from Columbia.

In February of 1978, the Everlys owned a house on Old Seneca Road in Randolph County. Columbia Gas supplied the Everly home with natural gas. Marita O'Donnell, a boarder, was in the house around 1:00 P.M. on February 12, 1978, when an explosion and fire occurred that completely destroyed the home. O'Donnell suffered a broken heel bone and other injuries as she escaped the building.

Appellants proceeded at trial upon the theory that Columbia's negligence resulted in a leak from its transmission equipment supplying gas to the house, allowing gas to collect in the interstices of the foundation and, after concentrating, to explode.

At the conclusion of the evidence, Columbia proffered its Instruction 10:

The jury is instructed that in this case negligence is the ground of the Plaintiff's action, and that it therefore rests upon the Plaintiff to trace the fault of his injury to the Defendant, by proving negligence upon the part of the Defendant, and for this purpose he must show the circumstances under which the injury occurred; and if from these circumstances so proven by the Plaintiff, and from all the evidence, including the evidence of the Defendant, it appears that the fault of the injury was mutual, or, in other words, that the negligence is fairly imputable to the Plaintiff or his tenant, the Plaintiff cannot recover.

Appellants objected that this instruction incorporated the defense of contributory negligence, and did not reflect West Virginia law, but the instruction was given.

■ This Court, in *Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879 (1979), adopted a modified comparative negligence rule. Syllabus point 3 of *Bradley* held:

A party is not barred from recovering damages in a tort action so long as his negligence or fault does not equal or exceed the combined negligence or fault of the other parties involved in the accident.

■ The instruction objected to reflected the pre-*Bradley* contributory negligence rule, requiring the jury to return a verdict for Columbia if it found any negligence by the appellants that contributed to their injury. Nothing in the remaining instructions ameliorates this error.

■ The trial court also overruled appellants' objection to Columbia's Instruction 5 that addressed sole proximate cause:

The Court instructs the jury that in order for an act to be the sole proximate cause of an injury or damage, it must be such an act as would naturally and probably result in the injury or damage complained of, and it must also be the only cause for such injury or damage, that is, it must alone, and without any other negligence, result in the injury sued for.

Therefore, unless you believe that the Defendant, Columbia Gas of West Virginia, Inc., was negligent, and that such negligence was the sole proximate cause of the Plaintiffs' injury and damages, you must find for the Defendant.

Appellants objected, stating that Columbia's negligence need only be a contributing cause to the plaintiffs' injury, and not the sole proximate cause. This is the clearly established rule in West Virginia.

Columbia cites language appearing in *Divita v. Atlantic Trucking Co.*, 129 W.Va. 267, 40 S.E.2d 324 (1946), in support of the propriety of the instruction: "It is elementary that notwithstanding a finding of primary negligence on the part of defendant, to sustain a recovery thereon, it must also be shown that such negligence was the sole proximate cause of the damage complained of." 129 W.Va., at 276, 40 S.E.2d, at 330. Further examination of the context in which this statement appears clarifies the meaning which the *Divita* court attributed to the phrase "sole proximate cause." The court followed this statement by adding: "If it appears that plaintiff was guilty of acts of negligence which 'proximately contributed' to the damage complained of, plaintiff is barred of recovery." 129 W.Va., at 276, 40 S.E.2d, at 330. By "sole proximate cause", the court meant simply that contributory negligence by the plaintiff would bar recovery.

A more recent analysis of this concept appears in Syllabus Point 5 of *Long v. City of Weirton*, 158 W.Va. 741, 214 S.E.2d 832 (1975), where the court stated:

In a concurrent negligence case, the negligence of the defendant need not be the sole cause of the injury, it being sufficient that it was one of the efficient causes thereof, without which the injury would not have resulted; but it must appear that the negligence of the person sought to be charged was responsible for at least one of the causes resulting in the injury.

This syllabus point was quoted in *Burdette v. Maust Coal and Coke Corp.*, 159 W.Va. 335, 222 S.E.2d 293 (1976). In *Burdette*, the trial court had directed a verdict in favor of Carl C. Holbert, one of the defendants in a civil action. This court reversed the directed verdict, stating:

It is true that Holbert's alleged negligence was not the sole proximate cause of the miners' deaths. However, his alleged wrongdoing together with the other defendants' alleged negligence may have proximately caused the disaster. In other words, Holbert may have been guilty of concurrent negligence. 159 W.Va. at 342, 222 S.E.2d, at 300.

The phrase "sole proximate cause" has had a confused history in West Virginia. Syllabus Point 1 of *Brewer v. Appalachian Constructors*, 135 W.Va. 739, 65 S.E.2d 87 (1951) states:

Where separate and distinct negligent acts of two or more persons continue unbroken to the instant of an injury, contributing directly and immediately thereto and constituting the efficient cause thereof, such acts constitute the sole proximate cause of the injury.

*See also Frye v. McCrory Stores Corporation*, 144 W.Va. 123, 107 S.E.2d 378 (1959) (quoting *Brewer*'s Syllabus Point 1). This syllabus indicates that the phrase was meant as a term of art, referring to the sum of all negligent acts which produce the injury. This interpretation of the phrase is followed in *Yates v. Mancari*, 153 W.Va. 350, 168 S.E.2d 746 (1969).

In *Yates*, President Judge Haymond, writing for the plurality, noted:

The word "sole" as a modifier of proximate cause adds little or nothing to proximate cause without such modifier.... The designation proximate cause or *sole* proximate cause, in law, means the same thing. Whether the cause of the injury is characterized as the *sole* proximate cause, or the proximate cause, the proximate cause of an injury is the efficient, principal, superior or controlling agency from which springs the harm as contradistinguished from those causes which are merely incidental or subsidiary to such efficient, principal, superior or controlling cause and the proximate cause may consist of one or more than one negligent act of causation by one or

more persons which produces the injury. 153 W.Va., at 359, 168 S.E.2d, at 752–753 (citation omitted) (emphasis in original).

Again, the court suggests that "sole proximate cause" includes all acts of concurrent negligence which produce the injury.

In *Long v. City of Weirton*, 158 W.Va. 741, 214 S.E.2d 832 (1975), and *Burdette v. Maust Coal and Coke Corp.*, 159 W.Va. 335, 222 S.E.2d 293 (1976), the court used the phrase very differently than it had in *Brewer* and *Yates*. *Long* and *Burdette* do not use the phrase as a term of art. Rather, they use it in its plain and ordinary sense: If there is but one negligent act which produces the injury, it is the sole proximate cause. In concurrent negligence cases there is more than one proximate cause, hence there is no *sole* proximate cause, in the sense in which *Long* and *Burdette* used the phrase.

This case involves the alleged negligence of a single defendant, whereas *Long* and *Burdette* were concurrent negligence cases. However, *Long* and *Burdette* illustrate that we have recognized that it is only necessary for a defendant's negligence to be a contributing cause of the plaintiff's injury, not the sole proximate cause.

The modified comparative negligence rule adopted in *Bradley, supra,* and previously discussed herein, provides that the plaintiff's own negligence shall not bar him from recovery if it is less than the combined negligence of the other parties. We hold that a party in a tort action is not required to prove that the negligence of one sought to be charged with an injury was the sole proximate cause of the injury. *Divita v. Atlantic Trucking Co.*, 129 W.Va. 267, 40 S.E.2d 324 (1946), is overruled to the extent it states a contrary rule.

Finally, appellants assign Columbia's Instruction 13 as error. This instruction stated:

The Court instructs the jury that in an action such as this for personal injuries and property damage resulting from a gas explosion, where the Defendant does not have control or dominion over all of the gas plumbing, the burden rests upon the Plaintiffs to show wherein by act of omission or commission the Defendant negligently caused the injury.

■ This instruction is substantially quoted from Syllabus Point 3 of *Bell v. Huntington Development and Gas Company*, 106 W.Va. 155, 145 S.E. 165 (1928):

In an action for personal injuries resulting from a gas explosion in a building supplied with gas by the defendant, who does not have control or dominion over all the gas plumbing therein, the burden rests upon the plaintiff to show wherein by act of omission or commission the defendant negligently caused the injury.

■ Appellants objected that all they were required to show was that gas escaped from an instrument of the appellee, such as the meter or regulator, to establish a *prima facie* case of negligence. They cite Syllabus Point 2 of *Stenger v. Hope Natural Gas Company*, 141 W.Va. 347, 90 S.E.2d 261 (1955): "It is the duty of a gas company distributing gas to consumers and having the exclusive use and control of the gas line so used to use reasonable diligence to inspect and maintain such line." However, *Bell* correctly sets forth the gas company's theory of this case. The gas company contended that there was gas plumbing in the Everly's home which was not under the company's exclusive use and control, and that it was from this plumbing that gas escaped. The *Bell*-type instruction is applicable to those parts of the system that are controlled by the owner of the premises. As to parts of the system not controlled by plaintiffs, their burden is only to prove that gas escaped from the gas company's appliance or distribution line, and there resulted an explosion. They need not prove the negligent act that caused the escape.*

"The gas company, as a distributor of a dangerous substance, has a duty to the public to

---

* In *Reed v. Smith Lumber Company*, 165 W.Va. 415, 268 S.E.2d 70 (1980), we commented upon the duty of a supplier of natural gas to inspect and maintain the transmission and distribution lines and equipment:

Reversed and remanded for a new trial in conformity herewith.

Reversed and remanded.

exercise care and diligence proportionate to any danger, which is known or should be known to the utility. This duty includes 'inspection, oversight and superintendence.' *Groff v. Charleston-Dunbar Natural Gas Co.*, 110 W.Va. 54, 156 S.E. 881, 882 (1931).

"Other states recognize the dangerous character of natural gas and the correlative duty of utility companies that furnish it ...."

We proceeded to cite numerous cases recognizing the heightened duty of utilities that supply gas to consumers.