618 S.E.2d 451

Martha **SPENCER** and Edward M. Spencer, Plaintiffs Below, Appellants,

v.

Timothy R. **MCCLURE**, Philip E. Davis, Sarah M. Harpold and Roger F. Rabalais Defendants Below, Appellees.

No. 32057.

Supreme Court of Appeals of West Virginia.

Submitted: May 24, 2005.

Filed: June 15, 2005.

David S. Skeen, Esq., South Charleston, for Appellants.

David A. Mohler, Esq., Atkinson, Mohler & Polak, PLLC, Charleston, for Appellees.

The Opinion of the Court was delivered PER CURIAM.

Justice STARCHER dissents and reserves the right to file a dissenting opinion.

PER CURIAM.

This case is before this Court upon appeal of a final order of the Circuit Court of Kanawha County entered on December 15, 2003. Pursuant to that order, the circuit court granted the appellees and defendants below, Sarah M. Harpold and Roger F. Rabalais, judgment as a matter of law in this personal injury action filed by the appellants and plaintiffs below, Martha and Edward Spencer, following an automobile accident. In this appeal, the Spencers contend that they presented sufficient evidence at trial from which the jury could have determined that the negligence of Ms. Harpold was a proximate cause of their damages, and therefore, the circuit court erred by granting judgment as a matter of law in favor of Ms. Harpold and Mr. Rabalais.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order is affirmed.

## I.

## FACTS

On September 13, 1999, at approximately 4:30 p.m., Martha and Edward Spencer were traveling north on Route 21 near Sissonville, Kanawha County, West Virginia, in a Chevrolet S–10 truck owned and operated by Mr. Spencer. It was raining, and as traffic proceeded, a vehicle suddenly stopped in front of Mr. Spencer. Mr. Spencer was able to safely stop as was the vehicle behind him, a Toyota 4Runner operated by Bruce L. Flowers. However, the vehicle behind Mr. Flowers, another Chevrolet S–10 truck which was operated by Timothy R. McClure but owned by Philip E. Davis, was unable to stop, and as a result, Mr. Flowers was rear-ended. The impact caused Mr. Flowers' vehicle to move forward and strike Mr. Spencer's truck in the rear. Immediately thereafter, a fourth vehicle, a Jeep Cherokee, operated by Sarah Harpold but owned by her stepfather, Roger Rabalais, approached the accident site and was also unable to stop. Consequently, another chain reaction occurred whereby the Spencers were struck from the rear again.[1]

Following the accident, the Spencers filed suit against Mr. McClure, Mr. Davis, Ms. Harpold, and Mr. Rabalais alleging that Mrs. Spencer was injured during the collisions[2] and that their truck was damaged. Prior to trial, the Spencers settled their claims against Mr. McClure and Mr. Davis. The trial commenced on May 27, 2003. The Spencers testified that they felt three separate and distinct impacts during the accident and that they thought the first two impacts were caused by Mr. McClure and the third by Ms. Harpold. The Spencers acknowledged that they were only able to observe Mr. Flowers' vehicle because they were haul-

1. As discussed herein, the Spencers contend that they were actually rear-ended three times during the accident. They have attributed the first and second impacts to Mr. McClure and the third impact to Ms. Harpold.

2. At the time of the accident, Mrs. Spencer was transported to Charleston Area Medical Center where she was treated and released with a diag-

nosis of cervical strain. As set forth herein, Mrs. Spencer sought further treatment thereafter from various chiropractors and physicians. There is no evidence that anyone else was injured during the accident. Ms. Harpold who was pregnant at the time was not injured, nor was her unborn child.

ing a one-piece shower and tub unit in the back of their truck. Mrs. Spencer testified that she thought the second impact was the most severe.[3] Mr. Spencer testified that the frame and transmission of his truck were damaged.[4]

Stephen Thaxton, a chiropractor who had treated Mrs. Spencer, testified regarding his diagnosis and treatment. Dr. Thaxton stated that Mrs. Spencer's injuries were consistent with injuries that might be received in a rear-end collision and that the third impact could have exacerbated injuries she received during the first two impacts. However, on cross-examination, Dr. Thaxton acknowledged that he could not say what portion of Mrs. Spencer's symptoms was caused by the third impact as opposed to the first and second collisions.

The deposition of Dr. George S. Zakaib, M.D., was also read to the jury.[5] Dr. Zakaib examined Mrs. Spencer on one occasion and recommended surgery for her left shoulder. When asked whether Mrs. Spencer's shoulder injury was related to the accident, Dr. Zakaib at first stated that he would be "hard pressed" to make the connection. However, he later said that he believed Mrs. Spencer's shoulder was injured in the accident because that was what she told him. Dr. Zakaib did not testify about the nature of the accident, nor did he attribute any of Mrs. Spencer's injuries to the collision involving Ms. Harpold.

After the Spencers rested their case,[6] Ms. Harpold and Mr. Rabalais moved for judgment as a matter of law contending that the Spencers had failed to present any evidence that the negligence of Ms. Harpold caused or contributed to their alleged damages. The court took the motion under advisement and then allowed Ms. Harpold and Mr. Rabalais to begin presenting their case. The next day, the court granted the motion for judgment as a matter of law finding that the Spencers had in fact failed to establish that the negligence of Ms. Harpold caused or contributed to the damages they claimed. The final order was entered on December 15, 2003, and this appeal followed.

## II.

### STANDARD OF REVIEW

■ As set forth above, the circuit court granted judgment as a matter of law in favor of Ms. Harpold and Mr. Rabalais pursuant to Rule 50(a) of the West Virginia Rules of Civil Procedure.[7] In Syllabus Point 5 of *Smith v. First Community Bancshares, Inc.*, 212 W.Va. 809, 575 S.E.2d 419 (2002) this Court stated that,

"The appellate standard of review for the granting of a motion for a [judgment as a matter of law] pursuant to Rule 50 of the West Virginia Rules of Civil Procedure is de novo. On appeal, this court, after considering the evidence in the light most favorable to the nonmovant party, will sustain the granting of a [judgment as a matter of law] when only one reasonable conclusion as to the verdict can be reached. But if reasonable minds could differ as to the importance and sufficiency of the evidence, a circuit court's ruling granting a directed verdict will be reversed." Syllabus Point 3, *Brannon v. Riffle*, 197 W.Va. 97, 475 S.E.2d 97 (1996).

---

3. During direct examination, Mrs. Spencer was asked which impact was the worse, "the first or the third?" She replied, "the third." On cross-examination, Mrs. Spencer acknowledged that she had previously testified during a deposition that the second impact was the most severe.

4. Mr. Spencer never had his truck repaired.

5. Dr. Zakaib had moved to Oregon and was not available to testify at the trial.

6. The Spencers also called Mr. Rabalias to testify during their case-in-chief to establish that he owned the vehicle operated by Ms. Harpold.

7. Rule 50(a) of the West Virginia Rules of Civil Procedure provides, in pertinent part:

If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

With this standard in mind, we now consider the parties' arguments.

## III.

## DISCUSSION

In this appeal, the Spencers contend that they presented sufficient evidence to establish that the negligence of Ms. Harpold proximately caused the injuries suffered by Mrs. Spencer during the accident and, thus, maintain that the circuit court erred by granting judgment as a matter of law in favor of Ms. Harpold and Mr. Rabalais. The Spencers point out that the evidence consisted of their own testimony regarding the accident. In particular, they testified that they felt three separate and distinct impacts; that the second and third impacts were the most severe; that one of the impacts was so severe as to throw Mrs. Spencer's head back against the rear window causing her to become dazed; and that Mrs. Spencer suffered neck, back, and shoulder injuries which were primarily treated by chiropractic intervention. In addition, the Spencers note that they presented the testimony of chiropractor Stephen Thaxton who testified that he had treated Mrs. Spencer; that her injuries were consistent with those that might be received during a rear-end collision; and that the third impact could have exacerbated the injuries Mrs. Spencer received during the first two impacts. The Spencers reason that this evidence was sufficient to defeat the motion for judgment as a matter of law made by Ms. Harpold and Mr. Rabalais.

By contrast, Ms. Harpold and Mr. Rabalais contend that the Spencers did not present any evidence to establish that Ms. Harpold's failure to bring her vehicle to a stop proximately caused any of the injuries suffered by Mrs. Spencer. Specifically, they contend that the expert testimony presented by the Spencers did not establish that any of Mrs. Spencer's injuries resulted from the collision involving Ms. Harpold. They further assert that except for the Spencers own testimony, there was no evidence to support the Spencers' claims about how the accident occurred and which impact caused Mrs. Spencer's injuries. Ms. Harpold and Mr. Rabalais note that the investigating police officer was not

called as a witness, nor was an accident reconstruction expert. They also point out that none of the other drivers involved in the accident testified either. Ms. Harpold and Mr. Rabalais contend that Mr. Spencer's testimony that Mr. McClure caused two impacts and that Ms. Harpold caused the third impact was simply conjecture as he acknowledged that he could only see Mr. Flowers' vehicle which was directly behind him. Ms. Harpold and Mr. Rabalais also note that Mrs. Spencer did not say which impact caused her to strike her head on the rear window of the truck and that she did testify that the second impact which was caused by Mr. McClure was the most severe. Thus, Ms. Harpold and Mr. Rabalais conclude that the evidence presented by the Spencers was not sufficient to establish that Ms. Harpold's alleged negligence caused or contributed to Mrs. Spencer's injuries, and therefore, the circuit court properly granted their motion for judgment as a matter of law.

This Court has declared that "[t]he burden is on the plaintiff to prove by a preponderance of the evidence that the defendant was negligent and that such negligence was the proximate cause of the injury." Syllabus Point 2, *Walton v. Given*, 158 W.Va. 897, 215 S.E.2d 647 (1975). " 'The proximate cause of an injury is the last negligent act contributing to the injury and without which the injury would not have occurred.' Syllabus Point 5, *Hartley v. Crede*, 140 W.Va. 133, 82 S.E.2d 672 (1954), *overruled on other grounds, State v. Kopa*, 173 W.Va. 43, 311 S.E.2d 412 (1983)." Syllabus Point 1, *Mays v. Chang*, 213 W.Va. 220, 579 S.E.2d 561 (2003). In other words, " 'Proximate cause' must be understood to be that cause which in actual sequence, unbroken by any independent cause, produced the wrong complained of, without which the wrong would not have occurred." Syllabus Point 3, *Webb v. Sessler*, 135 W.Va. 341, 63 S.E.2d 65 (1950).

In *Mays*, this Court explained that while a plaintiff has the burden of proving that a defendant's breach of a particular duty of care was a proximate cause of his or her injuries, the plaintiff does not have to show that such breach was the *sole* proximate

cause of the injury. *Mays,* 213 W.Va. at 224, 579 S.E.2d at 565. Accordingly, this Court held in Syllabus Point 2 of *Mays* that, " 'A party in a tort action is not required to prove that the negligence of one sought to be charged with an injury was the sole proximate cause of an injury. *Divita v. Atlantic Trucking Co.,* 129 W.Va. 267, 40 S.E.2d 324 (1946), is overruled to the extent it states a contrary rule.' Syllabus Point 2, *Everly v. Columbia Gas of West Virginia, Inc.,* 171 W.Va. 534, 301 S.E.2d 165 (1982)."

■ In the case *sub judice,* the circuit court found that the Spencers had not offered sufficient evidence to establish that Ms. Harpold had caused or even contributed to Mrs. Spencer's injuries. We agree. As set forth above, the Spencers offered expert medical testimony from Dr. Thaxton and Dr. Zakaib. However, neither doctor was able to testify that the negligence of Ms. Harpold caused or contributed to Mrs. Spencer's injuries. In particular, Dr. Thaxton was only able to say that the third collision which involved Ms. Harpold *could have* exacerbated the injuries suffered by Mrs. Spencer as a result of the first and second collisions. When questioned further, Dr. Thaxton stated that he could not say what portion of Mrs. Spencer's injuries resulted from the third collision. Likewise, Dr. Zakaib did not attribute any of Mrs. Spencer's injuries to the actions of Ms. Harpold. Dr. Zakaib only testified that he believed that Mrs. Spencer's left shoulder was injured in the accident because that was what she told him.

In *Tolley v. ACF Industries, Inc.,* 212 W.Va. 548, 558, 575 S.E.2d 158, 168 (2002), this Court explained that "the law is clear that a mere possibility of causation is not sufficient to allow a reasonable jury to find causation." *Tolley* was a deliberate intention action filed by an employee alleging that his preexisting asthma was aggravated by chemicals in his employer's paint department. However, the employee's medical expert could not identify the actual cause of his respiratory condition. The expert was only able to opine that there were three potential

causes for the employee's alleged aggravation of his pre-existing asthma. This Court concluded that the employee's reliance on "indeterminate expert testimony on causation that [was] based solely on possibility" was insufficient. *Id.*

Like the employee in *Tolley,* the Spencers offered expert medical testimony regarding proximate causation on the part of Ms. Harpold that was speculative in nature. Dr. Thaxton only testified that it was *possible* that Mrs. Spencer's injuries were aggravated by the collision involving Ms. Harpold. Such testimony does not provide a sufficient evidentiary basis from which a reasonable jury could find that Ms. Harpold proximately caused Mrs. Spencer's injuries.

The only other evidence offered by the Spencers concerning proximate causation on the part of Ms. Harpold was their own testimony. While expert testimony is not always necessary to prove causation,[8] the Spencers' testimony does not establish that Ms. Harpold caused or contributed to Mrs. Spencer's injuries. As discussed above, the Spencers never observed Ms. Harpold hitting the vehicles behind them as their view was blocked by the tub and shower unit they were hauling in the back of their truck. Moreover, at trial, Mrs. Spencer admitted that she had previously testified that the second collision which was caused by Mr. McClure, not Ms. Harpold, was the most severe. Furthermore, Mrs. Spencer never indicated which collision caused her to hit her head on the rear window of the truck. In sum, the Spencers offered no evidence from which a jury could conclude that Ms. Harpold proximately caused or contributed to Mrs. Spencer's injuries.

■ In Syllabus Point 7 of *Judy v. Grant County Health Dept.,* 210 W.Va. 286, 557 S.E.2d 340 (2001), this Court held that, " 'Proximate cause is a vital and an essential element of actionable negligence and must be proved to warrant a recovery in an action based on negligence.' Syllabus Point 3, *McCoy v. Cohen,* 149 W.Va. 197, 140 S.E.2d

8. *See Totten v. Adongay,* 175 W.Va. 634, 639–40, 337 S.E.2d 2, 8 (1985) ("In many cases the cause of injury is reasonably direct or obvious, thereby removing the need for medical testimony linking the negligence with the injury.").

427 (1965)." In the case at bar, the Spencers failed to present sufficient evidence to prove that Ms. Harpold proximately caused Mrs. Spencer's injuries. Therefore, the circuit court properly granted judgment as a matter of law in favor of Ms. Harpold and Mr. Rabalais.

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Kanawha County entered on December 15, 2003, is affirmed.

Affirmed.

STARCHER, J., dissenting.

More often than not, I believe a circuit judge should let juries of our peers hear the evidence and decide cases. That's the democratic system our forefathers wisely adopted, and I pain a little every time I see a judge substituting his or her judgment of the facts for the judgment of a jury.

I dissent in this case for that very reason. This case is a classic example of multiple defendants, multiple tortfeasors, causing injury to an innocent plaintiff. The textbook rule in such an instance is that the plaintiff need only show that the combined negligence of the tortfeasors caused or contributed to her injury. The plaintiff need only show the defendants were negligent, and that the negligence was *a* proximate cause, not *the* proximate cause.

Public policy dictates that, when multiple defendants jointly or separately engage in negligent conduct which, acting together, causes a plaintiff a single injury, the burden is upon the defendants to sort out who is more responsible.

The textbook example is the two negligent hunters firing shotguns into the woods, and a plaintiff who walks out of the woods injured by a load of buckshot. The plaintiff does not have to show which hunter's shotgun was *the* proximate cause of the injury; the plaintiff need only show the two hunters were negligent and the negligence was a cause of the injury. It is between the hunters to show who is more, or who is solely, responsible for the injury. *See Summers v. Tice,* 33 Cal.2d 80, 199 P.2d 1 (1948).

At that point, the burden shifts to the tortfeasors to allocate causation among themselves. Syllabus Point 1, *Baker v. City of Wheeling,* 117 W.Va. 362, 185 S.E. 842 (1936) ("Concurrent negligence creates joint liability."); Syllabus Point 6, *Anderson v. Moulder,* 183 W.Va. 77, 394 S.E.2d 61 (1990) ("A tortfeasor whose negligence is a substantial factor in bringing about injuries is not relieved from liability by the intervening acts of third persons if those acts were reasonably foreseeable by the original tortfeasor at the time of his negligent conduct.").

In this case, the plaintiff showed that her vehicle had stopped, and that the Toyota behind her vehicle had stopped. The next vehicle in line, a Chevrolet S–10 pickup truck, did not stop, plowed into the Toyota and drove the Toyota into the plaintiff's vehicle. Thereafter, a Jeep rammed into the Chevrolet S–10, which again hit the Toyota, which again hit the plaintiff's car. The owner and driver of the Chevrolet S–10 settled; the owner and driver of the Jeep went to trial. The plaintiff contends that she heard three bumps, three collisions, in this chain-reaction accident.

In this case, the plaintiff only had to prove that before the collisions, she was fine, and after the collisions, she had an injury, and that the injury was a result of these collisions. The burden then shifted to the owner and driver of the Jeep to sort out who was more or solely responsible for the injury: the driver of the Jeep, or the driver of the Chevrolet S–10. In other words, the jury should have been allowed to decide if the defendants, the owner and driver of the Jeep, were liable for any of the plaintiff's injuries.

The majority opinion, however, buys into the defendants' argument that the plaintiff was required to put on expert testimony saying which impact in the collision caused her injury. Because "Dr. Thaxton stated that he could not say what portion of Mrs. Spencer's injuries resulted from the third collision," the majority opinion concludes that the jury was left to speculate what degree of

responsibility the defendants bore for the plaintiff's injury. This is nonsense; the plaintiff bore the burden of proving the defendants were, to some degree, a cause of her injury and she met that burden. The burden then shifted to the defendants to show they were not a proximate cause.

One other thing troubles me. The majority's opinion almost suggests that simple car wrecks like this case should become "expert festivals," attacking the plaintiff for not having an accident reconstruction expert, and not having a medical expert who could scientifically say which impact caused what percentage of the plaintiff's cervical strain. I disagree with such a reading of the majority's opinion. The courts of this State are to be open to the people to resolve their disputes, quickly, efficiently and inexpensively. They are not to be ruled by the party who has the most lawyers and can afford the most experts.

I would have let the jury sort out, between the various drivers, who was more responsible for the plaintiff's injury in this case. I therefore respectfully dissent.