# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Stephanie Gring,**
**Plaintiff Below, Petitioner**

**vs)  No. 14-0248** (Harrison County 12-C-266-3)

**Harrison County Board of Education,**
**Defendant Below, Respondent**

**FILED**

November 21, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Stephanie N. Gring, by counsel, T. Keith Gould, appeals the order of the Circuit Court of Harrison County entered February 6, 2014, granting summary judgment in favor of Respondent Harrison County Board of Education ("the Board"). Respondent appears by counsel Rodney L. Bean and Susan L. Deniker.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

During the 2009-2010 academic school year, petitioner Stephanie Gring was a sixteen-year-old student at Bridgeport High School.  On October 14, 2009, petitioner participated in the annual homecoming parade as a member of the anti-tobacco organization "RAZE."  The parade took place on East Philadelphia Avenue in Bridgeport. During the parade, East Philadelphia Avenue was open only to vehicles participating in the parade, allowing parade participants to proceed in single file upon two lanes. Petitioner was supervised in this activity by Gladys Williams (Ms. Williams), a Bridgeport High School teacher employed by the Board.

Petitioner was directed by Ms. Williams to carry a RAZE banner along with a fellow classmate on the right side of a 2006 Dodge Ram 3500 truck with dual rear wheels. The pickup truck was driven by Rodney Stallman, a volunteer, and part of the RAZE group rode in the cab and back of the truck. Ms. Williams also walked alongside the truck. Approximately midway into the parade, the right rear outer wheel of Mr. Stallman's truck ran over petitioner's left foot.

Petitioner filed suit, asserting a cause of action for negligence against respondent, Mr. Stallman, and Ms. Williams. Petitioner also filed suit against respondent under a theory of vicarious liability for the negligence of Ms. Williams, an employee. Petitioner later dismissed her

claim against Ms. Williams but maintained her claims against the Board. The Board and Mr. Stallman moved for summary judgment on petitioner's claims. By separate orders entered February 6, 2014, the circuit court granted the motion in favor of the Board and denied Mr. Stallman's motion. Finding no genuine issue for trial, the circuit court found that petitioner did not provide any evidence that Ms. Williams breached the applicable standard of care, nor any evidence of an alleged breach of duty which proximately caused petitioner's injuries. Petitioner appeals this ruling and requests that we remand the matter for a jury trial.

Petitioner also appeals the order of the circuit court entered on January 24, 2014, which granted the Board's motion in limine to exclude evidence of petitioner's partial blindness.[1]

Petitioner properly asserts two assignments of error: (1) the circuit court applied an inadequate duty or standard of care to the conduct of the Board; and (2) the circuit court substituted its factual judgment for that of the jury regarding whether the board failed to exercise ordinary care.

**Standard of Review**

We review a circuit court's entry of summary judgment under a de novo standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Furthermore,

> "'[w]here the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syllabus Point 1, *State v. Paynter*, 206 W.Va. 521, 526 S.E.2d 43 (1999).

Syl. Pt. 1, *Cooper v. City of Charleston*, 218 W.Va. 279, 624 S.E.2d 716 (2005).

**Discussion**

Petitioner first alleges that the circuit court applied an inadequate duty or standard of care to the conduct of the Board. Petitioner claims that pursuant to West Virginia Code § 18A-5-1(a), Ms. Williams owed petitioner a duty *in loco parentis*, and that the circuit court erred by refusing to apply more than an ordinary person standard to Ms. William's conduct.

---

[1] Petitioner's third assignment of error involves the circuit court's exclusion in limine of evidence that petitioner is blind in her right eye. A circuit court's mere grant or denial of a motion in limine does not constitute a final appealable order. "Under W.Va. Code § 58-5-1 (1925), appeals only may be taken from final decisions of a circuit court. A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." Syl. Pt. 3, *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995). As petitioner's suit against the Board has been dismissed, the exclusion of evidence in the trial only pertains to defendant below Mr. Stallman. There has been no trial or final adjudication on the merits of that action. Therefore, the circuit court's order entered January 24, 2014, is not a final order and is not ripe for appeal.

The circuit court found this argument had no merit, holding Ms. Williams had a duty to act with reasonable care. We agree. The statutory provision relied upon by petitioner vests parental authority in public school teachers, but does not impose a parental duty upon them. *See W.Va. Dept. of Human Services v. Boley*, 178 W.Va. 179, 181, 358 S.E. 2d 438, 440 (1987); *Board of Educ. of Cnty. of Gilmer v. Chaddock*, 183 W.Va. 638, 641, 398 S.E.2d 120, 123 (1990). In fact, *Gilmer*, relied upon by petitioner for this argument explicitly states, "The parties do not disagree . . . that a teacher has a duty to exercise reasonable care to protect students in the classroom from those injuries which can be reasonably anticipated." This duty is not heightened in the context of a school parade, which occurs off school premises and after school hours. Petitioner cites no authority to support her argument that the circuit court should have applied a stricter standard of care than the reasonable care standard applied. Accordingly, we find the circuit court did not commit error by declining to extend Ms. William's duty to act beyond reasonable care.

Petitioner next claims that the circuit court erred by ruling that a reasonable jury could not find that the Board failed to exercise ordinary care, and that this failure proximately caused petitioner's injuries. Asserting that negligence cases are not typically appropriate for adjudication through Rule 56 of the West Virginia Rules of Civil Procedure due to their fact-driven nature, petitioner alleges that Ms. Williams proximately caused petitioner's injuries by instructing petitioner to jointly hold a RAZE sign with another classmate, and to walk alongside Mr. Stallman's truck. "The proximate cause of an injury is the last negligent act contributing to the injury and without which the injury would not have occurred." Syl. Pt. 3, in part, *Spencer v. McClure*, 217 W.Va. 442, 618 S.E.2d 451 (2005). The circuit court concluded that petitioner failed to present evidence sufficient to demonstrate the existence of a legitimate jury question. The circuit court wrote:

> No evidence has been presented on why placing high school students next to, as opposed to in front or behind, a moving vehicle breaches the applicable standard of care. No evidence has been presented on the proper procedures or policies regarding supervision during a parade, or whether more than five feet is needed for a student to walk beside a moving vehicle during a parade. On the other hand, evidence was provided that Gladys Williams remained in the immediate vicinity and quickly came to [petitioner's] aid when the accident occurred. Also testimony has been provided that Ms. Williams instructed Rodney Stallman to be aware of children coming off the sidewalks as he drove and that Ms. Williams instructed the students to be aware of their surroundings. . . . There is simply nothing beyond a scintilla of evidence provided to the [c]ourt to indicate Ms. Williams failed to exercise ordinary care. . . . Additionally, Plaintiff has not provided sufficient evidence that any alleged breach of duty owed by Gladys Williams proximately caused [petitioner's] injuries.

We agree. Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is proper where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In this case, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

3

party is entitled to judgment as a matter of law." W.Va.R.Civ.P. 56(c), in relevant part. Therefore, we find that the circuit court did not err in finding that petitioner did not offer adequate evidence in response to respondent's motion for summary judgment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 21, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II