**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1914**

OLD WHITE CHARITIES, INC.,

        Plaintiff - Appellant,

    v.

BANKERS INSURANCE, LLC,

        Defendant - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:17-cv-01375)

Submitted: December 17, 2019                 Decided: January 21, 2020

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard A. Getty, GETTY LAW GROUP, PLLC, Lexington, Kentucky, for Appellant. Stuart A. McMillan, Fazal A. Shere, Patrick C. Timony, BOWLES RICE LLP, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Old White Charities, Inc., ("Old White") appeals the district court order denying its motion for partial summary judgment, granting Bankers Insurance, LLC's ("Bankers") motion for summary judgment, and denying Old White's motion for leave to file supplemental briefing on the summary judgment motions. We affirm.

In July 2015, Old White hosted and sponsored the annual Greenbrier Classic golf tournament, which was part of the Professional Golfers' Association ("PGA") tour. During the tournament, Old White ran a promotional contest wherein, if a golfer shot a hole-in-one on the 18th hole, all spectators present in the grandstands at that hole would receive a cash prize paid by Old White. Old White engaged Bankers to secure an insurance policy indemnifying Old White against any payout made pursuant to the contest.

The application for the insurance policy, which Bankers completed on Old White's behalf, contained a warranty clause stating that the hole had to be at least 150 yards in distance for any hole-in-one to be covered by the policy. Bankers also included an addendum to the application stating that the 18th hole played an average of 175 yards, but that Old White had no knowledge of or control over the length of the hole on any given day of the tournament because the PGA determined the placement of the tee boxes and the pins. A representative of Old White read and signed the application, and the policy ultimately contained a provision stating that, for a hole-in-one to be covered, the hole had to be at least 170 yards long.

During the tournament, two golfers shot holes-in-one on the 18th hole from a distance of 137 yards. After Old White submitted claims for indemnification under the

2

policy, the insurer filed suit in district court seeking a declaratory judgment that Old White was not entitled to coverage because the holes-in-one did not comply with the distance requirement. *See Talbot 2002 Underwriting Capital Ltd v. Old White Charities, Inc.*, No. 5:15-CV-12542, 2017 WL 73937, at *1 (S.D.W. Va. Jan. 6, 2017). Bankers intervened as a defendant in that case, and Old White and Bankers filed counterclaims against the insurer. *Id.* at *2. The district court entered a declaratory judgment in favor of the insurer, holding that Old White was not entitled to coverage because the distance warranty in the policy application was clear and unambiguous, the addendum did not contradict the distance warranty, and Old White had no reasonable expectation of coverage. *Id.* at *4-8. We affirmed the district court's judgment. *All Risks, Ltd v. Old White Charities, Inc.*, 715 F. App'x 274, 275 (4th Cir. 2017) (No. 17-1180).

Old White has now asserted state law claims of negligence, reasonable expectations, and fraud against Bankers and challenges on appeal the district court's grant of summary judgment to Bankers on each of these claims. "We review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because

3

they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted).

"To prevail in a negligence suit, the plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff." *Neely v. Belk Inc.*, 668 S.E.2d 189, 197 (W. Va. 2008). "It is well established that an insurance professional owes a duty to his principal to exercise reasonable skill, care and diligence in effecting insurance." *Knapp v. Am. Gen. Fin. Inc.*, 111 F. Supp. 2d 758, 766 (S.D.W. Va. 2000) (citations omitted). In order to establish a claim for negligence, a plaintiff must demonstrate "by a preponderance of the evidence that the defendant was negligent and that such negligence was the proximate cause of the injury." *Spencer v. McClure*, 618 S.E.2d 451, 455 (W. Va. 2005) (per curiam) (internal quotation marks omitted). "The proximate cause of an injury is the last negligent act contributing to the injury and without which the injury would not have occurred." *Id.* (internal quotation marks omitted).

We have reviewed the record and conclude that the district court correctly determined that Old White failed to establish the elements of duty and proximate causation. The district court therefore properly granted summary judgment in favor of Bankers on Old White's negligence claim.

With respect to Old White's claim for damages under the doctrine of reasonable expectation, "the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." *State*

4

*ex rel. Universal Underwriters Ins. Co. v. Wilson*, 825 S.E.2d 95, 100 (W. Va. 2019) (internal quotation marks omitted). This doctrine applies only when the terms of the insurance contract are ambiguous. *Id.* "Thus, where the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." *Id.* (alteration and internal quotation marks omitted).

We agree with the district court that the distance warranty in the application was clear and unambiguous, and that the addendum did not contradict or otherwise negate the distance warranty. Because the contract was clear and unambiguous regarding a distance requirement of 150 yards, Old White failed as a matter of law to establish an objectively reasonable belief that a hole-in-one would be covered by the policy even if the hole was less than 150 yards in length. The district court therefore correctly determined that Old White could not recover under the doctrine of reasonable expectation.

With respect to Old White's claim for fraud or misrepresentation, under West Virginia law, to demonstrate fraud, a plaintiff must establish (1) that the fraudulent act was that of the defendant, (2) that it was material and the plaintiff reasonably relied on it, and (3) damages resulting from that reliance. *Folio v. City of Clarksburg*, 655 S.E.2d 143, 150 (W. Va. 2007) (per curiam). In addition, an action for negligent misrepresentation may lie when "[o]ne under a duty to give information to another [] makes an erroneous statement when he has no knowledge on the subject, and thereby misleads the other to his injury." *Id.* at 151. We agree with the district court that Old White failed to establish a claim for fraud or misrepresentation against Bankers.

5

Finally, Old White challenges the district court's denial of its motion to submit supplemental briefing on the summary judgment motions to account for new deposition testimony by Bankers' representatives that contradicted their testimonies in previous depositions. We have reviewed the record and conclude that the new testimony does not give rise to any disputes of material fact. The district court therefore did not err in denying Old White leave to file supplemental briefs.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*